HENRY E. RUSSELL, JR. TRUSTEE, *vs.* FRANK H. HOOKER ET AL., EXECUTORS.

Third Judicial District, Hartford, October Term, 1895. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Personal property, so far as any question of testamentary succession is concerned, has its *situs*, in the eye of the law, at the testator's domicil; and to the courts of such domicil the executors are obliged to account for its management and disposition.

A resident of this State, claiming payment of a legacy under the will of a New York testator whose estate is in due course of settlement in the Surrogate's Court of that State, must resort to the New York courts for the determination and enforcement of his rights as legatee.

That the testator owned real estate here and that ancillary administration was, for that reason, granted in this State, to one of the executors, does not aid the plaintiff; nor does the fact that the legacy consisted of shares of stock in a Connecticut corporation, upon which he served process of foreign attachment at a time when it had in its possession a dividend on the stock left by the testator and still standing in his name upon its books, which had been declared and become payable since his death. Both shares and dividend are equally assets of the estate to be accounted for before the Surrogate's Court in New York.

[Argued October 3d—decided November 22d, 1895.]

SUIT to compel the transfer of certain stock and for other relief, brought to the Superior Court in Hartford County and tried to the court, *Thayer, J.;* facts found and case reserved for the advice of this court. *Superior Court advised to dismiss the complaint.*

The defendants were sued as executors of the will of Henry E. Russell of New York, which it was alleged had been duly probated in the Surrogate's Court of the City of New York. One of them, Frank H. Hooker, was a citizen of Connecticut, and was personally served within this State. The others were citizens of New York, and no service was made upon them. The complaint alleged that the will had also been probated in this State, where the testator owned property, real and personal, and administration granted to said Frank H. Hooker. The plaintiff claimed that the leg-

acy, which was one of shares of stock in a Connecticut corporation, was specific, and asked for payment of certain dividends collected by the executors since the testator's decease, and for a transfer of the shares to him by them, or by Frank H. Hooker, if he should be deemed to be the sole executor. Frank H. Hooker only appeared, and filed an answer.

*Frank L. Hungerford*, for the plaintiff.

I. The legacy to the plaintiff was a specific legacy. Redfield on Wills, 131, 134, 141, 142; 2 Williams on Executors, 1040, 1047; *Walton* v. *Walton*, 9 Amer. Dec. 468; *Kunkel* v. *McGill*, 56 Md., 120; *Morton* v. *Murrell*, 68 Ga., 142; Schouler on Executors and Administrators, § 480.

II. The courts of this State have jurisdiction over the subject-matter of this suit. 1 Woerner on Law of Administration, 167; *Dawes* v. *Head*, 3 Pick., 144; *In re Hughes*, 95 N. Y., 55; *Parsons* v. *Lyman*, 20 id., 103; Cook on Corporation Law, 485; *Winslow* v. *Fletcher*, 53 Conn., 394.

III. It is claimed that the plaintiff cannot maintain this suit, because he has never qualified as trustee in any Court of Probate in this State.

It is found that before bringing this suit Mr. Russell had accepted the trust under the will, and this is sufficient to enable him to maintain this action. The plaintiff obtains his title from the will and not from the Court of Probate, and acceptance of the trust is the only qualification necessary to enable him to bring suit. *Baldwin* v. *Porter*, 12 Conn., 473.

*Samuel A. York*, for the defendant, Hooker.

I. The plaintiff cannot maintain his action against the defendant in this State.

In his official capacity, "an executor can neither sue nor be sued, outside of the jurisdiction of the State from which he derives his authority." 8 Amer. & Eng. Ency. of Law, 421; 3 id., 646, and note 2, page 649; *Riley* v. *Riley*, 3 Day, 74; Story's Conflict of Laws, § 514; *Hobart* v. *Turnpike Co.*,

15 Conn., 145; *Upton* v. *Hubbard,* 28 id., 274; *Holcomb* v. *Phelps,* 16 id., 127; *Hedenberg* v. *Hedenberg,* 46 id., 30; 2 Kent's Comm., 13th Ed., \*431 note *c.* If this plaintiff is entitled to anything under this will, all he has. to do is to go to the court which has jurisdiction of the person and of the property, and he will get just what he is entitled to. All questions as to the faithful or unfaithful discharge of an executor's duty must be decided by the laws of the State where he is appointed. *Fay* v. *Haven,* 3 Met., 109.

II. The plaintiff never having qualified in this State as trustee, or in any other, so far as it appears, cannot maintain suit here in his representative capacity. 8 Amer. & Eng. Ency. of Law, 421; 3 id., 646, and note 2, p. 649; *Riley* v. *Riley, supra;* Story's Conflict of Laws, § 514; *Hobart* v. *Turnpike Co., Upton* v. *Hubbard, Holcomb* v. *Phelps, Hedenberg* v. *Hedenberg, supra;* 2 Kent's Comm., 13th Ed., \*431, note *c.* The same rule which applies to the case of an executor would seem to apply to a testamentary trustee.

III. The property in question is not and never has been within the jurisdiction of the courts of this State, and must be disposed of by the Surrogate's Court of New York, whose jurisdiction is complete and exclusive. 2 Kent's Comm., 13th Ed., \*429, and note 4; *Hedenberg* v. *Hedenberg, Holcomb* v. *Phelps, supra; Sills* v. *Worswick,* 1 H. Black. 690; 3 Amer. & Eng. Ency. of Law, 567, 568; Story's Conflict of Laws, § 379; *Davis* v. *Crandall,* 101 N. Y., 311; *Richards* v. *Dutch,* 8 Mass., 506; *Daws* v. *Boylston,* 9 id., 337; *Stevens* v. *Gaylord,* 11 id., 256.

IV. This legacy of the 100 shares of stock in question, is a general legacy, not specific. There is nothing in the will to indicate in any way that any particular shares of the stock of this company were given to the plaintiff. Redfield's Practice of Law in Surrogate's Court, 587; 13 Amer. & Eng. Ency. of Law, 22, note 4; *Baldwin* v. *Coudrey,* 16 Conn., 1; *Tefft* v. *Porter,* 8 N. Y., 516; 2 Williams on Executors, 1047.

BALDWIN, J.    This action is brought by a citizen of Con-

necticut against another citizen of Connecticut and two citizens of New York. The defendants are sued as executors of the will of a New York testator, which has been duly admitted to probate in that State. A legacy of a hundred shares of stock in a Connecticut corporation was left in the will to the plaintiff, in trust for a citizen of this State, and the ground upon which he rests his action is that this legacy was a specific one.

The will under which the plaintiff claims, was that of a citizen of New York, and the property bequeathed to him, so far as any question of testamentary succession is concerned, had its *situs*, in the eye of the law, at the testator's domicil. *Marcy* v. *Marcy*, 32 Conn., 308, 319. The executors were bound to inventory and account for it before the proper Surrogate's Court in that State. This obligation was not affected by the grant of ancillary administration to one of them by a Court of Probate in this State. He did not include, and ought not to have included, the stock in question in his inventory filed in that court. It was an asset to be administered under the laws of New York, and under those, only. If the executors transfer it to the plaintiff, or pay him any dividends which they may have collected on it, they must justify their action in the Surrogate's Court by which their letters testamentary were issued. The shares of stock, which are in controversy, in effect are in the possession of that court. It would therefore be manifestly unreasonable and improper to require the executors to account for them in an action brought by a legatee in the courts of another State. *Byers* v. *McAuley*, 149 U. S. 608, 613, 614.

The plaintiff's title is derived through the statutes of New York, which regulate testamentary succession. A will operates as a conveyance from the testator, but his right to dispose thus of personal property by a transfer taking effect only after his decease, is derived wholly from the positive law of the State of his domicil. A legatee is in the position of a mere volunteer. He takes only what the law may allow the testator to give him, and it is that law which must determine the construction of the bequest, and the conditions of payment.

This action was commenced by a process of foreign attachment, which was served upon the Connecticut corporation at a time when it had in its possession a dividend on the shares formerly owned by the testator, and still standing in his name upon its books, which had been declared and become payable after his death.

The plaintiff's case is not helped by this attachment. The moneys which were thus separated from the general assets of the corporation, and divided among its shareholders, came to them as an incident of their stock interests. Whoever owned the shares in question, when the dividend was declared, was entitled to collect it. In law, these shares were then owned by the three executors, claiming under the New York probate proceedings. The plaintiff claims his legacy under the same proceedings. If it is, as he contends, a specific one, he can still gain possession only through a transfer made by the executors, or at least by one of them. The dividends likewise are payable only to them, or to their order. Their relations, so far as the present controversy is concerned, to the shares and the dividends are the same. Both are equally assets of the estate to be accounted for before the Surrogate's Court in which it is in course of settlement. The plaintiff can no more transfer his controversy with them, as to the true meaning of the will, into the courts of Connecticut by this process of attachment, than he could transfer it to any other State in which he might make some other corporation a garnishee, from which dividends were due and payable upon stock standing in the testator's name.

The Superior Court is advised to dismiss the plaintiff's complaint.

In this opinion the other judges concurred.