## HELEN L. S. JONES, TRUSTEE, *vs.* NICHOLS C. DOWNS ET AL.

Third Judicial District, New Haven, January Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, JS.

A Connecticut testatrix gave a portion of the residue of her property, including land in New York, to trustees for the use of three of her children in equal shares, with authority to the trustees to sell the realty at their discretion and hold the avails thereof on the same trusts. After the resignation of the last of the original trustees, the defendant was appointed a substitute trustee of the trust created for the benefit of one of the three children, and others were appointed as trustees for the other two; and all three of these trustees were made ancillary trustees in New York because of the real estate there. To effect a sale of this and a division of the proceeds, the defendant brought his application to the Supreme Court in New York, making all persons interested parties, and that court appointed a New York trust company as a trustee "in the place and stead" of those named in the will, and directed it to sell and convey the realty and to distribute the proceeds to the persons found by the court to be entitled thereto. The execution of this decree was reported to and approved by that court, and the defendant received his share of the trust avails and deposited the same in a savings-bank in this State. Upon a suit by his successor to recover this money it was *held:*—

1. That the defendant could not justify his refusal to turn over the money to the plaintiff, upon the theory that he had received and still held it under his appointment as ancillary trustee by the Supreme Court of New York, and to which he was therefore bound to account.

2. That the acceptance by the Court of Probate of an annual trust account of the defendant, unappealed from, in which he did not charge himself with the money so received and deposited, was not an adjudication that he held it as ancillary trustee under his New York appointment, nor a bar to the present action.

Whether the Court of Probate could, under the circumstances, have made a final adjudication of that question, *quære.*

A party cannot be deprived of his right to prove a material fact, merely because his adversary concedes it. The exclusion of the evidence offered is, however, harmless, if the fact is otherwise established and found proven.

The defendant offered a writing signed by the beneficiary for whom he was trustee, to the effect that he, the beneficiary, would make no

Jones *v.* Downs.

objection to the allowance of the defendant's account as trustee in New York, upon the ground that the avails of the sale received by him had not been sooner invested and at a higher rate of interest. *Held* that the paper was properly excluded, since it contained no stipulation that the defendant should account in the New York court, even if such a stipulation could have affected the defendant's successor.

Argued January 19th—decided April 14th, 1909.

ACTION to secure the delivery and transfer of trust funds to the plaintiff as the defendant Downs' successor of a testamentary trust, brought to the Superior Court in Fairfield County where a demurrer to the second defense was sustained (*Reed, J.*) and the cause was afterward tried to the court, *Robinson, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant Downs. *No error.*

Mary F. Jones died in 1888, domiciled in Stamford in this State, leaving five children, Mary, Eleanor, Virginia, Franklin and William P. Jones, and leaving property in this State and real estate in New York. After making certain devises and bequests, she gave, by the fifth clause of her will, an undivided one-fifth part of the residue of her estate, which included the real estate in New York, in fee to each of her daughters Mary and Eleanor; and by the sixth clause, the remaining three fifths of said residue to her executors and executrices, who should assume the execution of the will, in trust, one of said fifth parts to be held for the use of each of her three other children Virginia, Franklin and William P., severally and respectively during their lives, with remainder to his or her issue; and by the eighth clause gave the power to sell the whole or any part of the real estate of the residue, to her executors and executrices whenever a majority of them might think proper, the proceeds of such sales to be held upon the same trusts as the property sold had been. The two daughters Mary and Eleanor and one Edward Wood were made executrices and executor by the will.

Jones *v.* Downs.

In January, 1902, upon the resignation of the only one of the executors and trustees named in the will who was then acting, the Court of Probate for the district of Stamford appointed the defendant Downs of said Stamford a substituted trustee of said trust created for the benefit of said William P. Jones and his issue, and Downs qualified as such trustee; and in May, 1902, the Supreme Court of the State of New York appointed him ancillary trustee in that jurisdiction of said trust for the benefit of William P. Jones, directing in its decree, as set forth in the answer, that Downs should become the trustee of said trusts, in place of the executors and trustees named in the will who had previously resigned as executors and trustees of the trust for the benefit of William P. Jones, "with the same force and effect as though . ... named in the . . . will . . . as the sole trustee of said trust, and with all the right, title, estate and interest in the said estate of Mary F. Jones . . . which formerly belonged to and was vested in said testamentary trustees, or either or all of them, in so far as the same relates to the said trusts . . . for the benefit of said William P. Jones . . . and his issue." Other persons were appointed trustees in both States of the other two one-fifth shares so left in trust.

On October 23d, 1903, the Supreme Court of New York, upon the petition of the present defendant Downs, to which proceeding all other persons interested were parties, having found that it was for the interest of all the beneficiaries under the will that "such appointment of a substituted trustee should be made," and that said Supreme Court was charged with the execution of said power of sale in said will and with the appointment of a trustee therefor, and the distribution of the proceeds therefrom by its decree, appointed the Title Guarantee and Trust Company of the city of New York "trustee in the place . . . of the executors and trustees named in the said last will and testament of Mary F. Jones, deceased, to execute the power of

sale contained in said will, to convey the real estate mentioned in the hereto annexed petition, and to divide and distribute the proceeds therefrom among the parties entitled thereto, rendering a full account thereof to this court."

The Title Guarantee and Trust Company, having qualified as such trustee, sold the real estate in New York under said appointment, receiving therefor, after deduction of expenses, about $30,000, one fifth of which belonged to the trust for the benefit of William P. Jones.

In June, 1904, the Supreme Court of New York, in a proceeding instituted by the Title Guarantee and Trust Company, described therein as trustee in the place of the executors and trustees named in the will, and in which all the persons interested in the New York real estate in question were defendants, including the present defendant Downs, as trustee, and the two other trustees of the remaining two-fifth interests in said property held in trust, as above stated, each described as a substituted trustee under the will, passed a decree in which it found that said Title Guarantee and Trust Company was appointed "substituted trustee" for the purposes stated in said decree of October 23d, 1903; that the real estate had been "duly sold by said substituted trustee"; that the only persons entitled to receive the proceeds of the sales were defendants in the action; that the Title Guarantee and Trust Company, as such substituted trustee, had rendered a just and full "account of its management and transactions in respect to said trust," and that "by the will of said Mary F. Jones, deceased, the proceeds of said real estate, after the payment of the expenses of the action, should be divided and distributed as follows:" To Mary Mott Jones, Eleanor Mott Jones, John G. Leeds as trustee of Virginia J. Leeds, Nichols C. Downs as trustee for William P. Jones, Carrie B. Jones, individually and as trustee for Franklin M. Jones, Jr., each a one-fifth part thereof. The decree adjudges the

account "judicially settled and allowed as presented"; and orders said Title Guarantee and Trust Company as trustee to divide and distribute said proceeds to and among the persons above named, a one-fifth part to each.   .

In the execution of said order the Title Guarantee and Trust Company paid a one-fifth part of said proceeds to the defendant Downs, part of it being paid to him in New York and the remainder by checks mailed to him at Stamford; and prior to July, 1904, said Downs as trustee for William P. Jones invested $5,500 thereof in the Citizens Savings Bank of Stamford, one of the two original defendants in this action, and said bank issued a bank-book to him in his name as trustee for William P. Jones, since which time Downs has withdrawn some of the income from said sum and paid it to said William P. Jones. Said sum so deposited is the subject-matter of this suit.

On the 10th of August, 1906, after the Court of Probate of Stamford, upon a hearing in which the present plaintiff was a party in the capacity of guardian *ad litem* for a minor child of William P. Jones, whose interests were adverse to those of her father, had approved an account previously filed by the defendant Downs as trustee for William P. Jones, in which he had not charged himself with said $5,500, Downs resigned as trustee, and the plaintiff was on the same day appointed in his place. The defendant Downs soon afterward delivered to the plaintiff the property with which he charged himself as trustee in said account, but has not delivered to her the said $5,500, nor has he ever accounted for the same in any court.

In support of his claim that he did not and had not received said $5,500 by virtue of his appointment as trustee by the Court of Probate of Stamford, but held it under his appointment as ancillary trustee by the court of New York to which he was bound to account, the defendant offered in evidence a written stipulation (Exhibit 8) signed by the defendant and William P. Jones, which it was said was

executed and discussed in the presence of the plaintiff before she was appointed trustee, in which William P. Jones stipulated, in substance, that he, Jones, would make no objection to the allowance of Downs' account as trustee in the State of New York, upon the ground that the $5,500 had been invested in said Citizens Savings Bank, and had not been invested sooner than it was or at a higher rate of interest. This was excluded upon plaintiff's objection.

The trial court, also upon the plaintiff's objection, excluded two letters, offered in support of defendant's said claims, written in October and November, 1906, by plaintiff's counsel to defendant's counsel in New York (Exhibits 5 and 6), in which the writer, among other things, speaks of representing the present plaintiff in order to expedite matters in the accounting of Downs in the New York court; and excluded a copy of the decree of the Supreme Court of New York (Exhibit 1) appointing the defendant Downs ancillary trustee in that State, offered to support said claims of the defendant; and also excluded a copy of said decree of the Court of Probate of Stamford approving the account of the defendant Downs (Exhibit 3) offered in evidence by the defendant.

The judgment rendered by the trial court directed the defendant Downs to deliver to the plaintiff the bank-book issued by the defendant Citizens Savings Bank, and to pay the costs of suit; and ordered said bank to pay to the plaintiff said fund of $5,500 with accumulated interest.

*Nichols C. Downs*, for the appellant (defendant Downs).

*William H. O'Hara*, for the appellee (plaintiff).

HALL, J. The pleadings in this case are unnecessarily prolix. To the second of the three defenses, which were several times amended, there is a demurrer upon some forty grounds, when one tenth of that number would have been sufficient. The demurrer to this defense was sus-

tained, and a demurrer to the third defense was overruled. A separate discussion of these particular rulings is unnecessary, since the questions presented by these demurrers were afterward raised and decided upon the trial of the case upon its merits.

Upon the facts found by the trial court and those admitted by the pleadings, the defendant Downs made practically but two general claims in justification of his refusal to pay the money in question to the plaintiff as his successor in office: first, that the facts show that he, Downs, holds the money deposited in the Citizens Savings Bank of Stamford, under his appointment as ancillary trustee by the Supreme Court of New York, and therefore holds it subject to the order of that court; and second, that the Court of Probate of Stamford approved the account presented by Downs before his resignation, in which he did not charge himself with the money in question, and that there has been· no appeal from the order accepting and approving said account. Both of these claims were overruled by the trial court.

The situation of the parties interested in the New York real estate, and the object they were endeavoring to accomplish; the language itself of the decrees of the New York court, and the manner in which they were executed; and the acts of the parties under these decrees, sustain the ruling of the lower court as to the first of these claims.

The situation seems to have been this: By force of the terms of the will and the proceedings under it, both in this State and New York, the legal title to real estate in question, with power given to a majority of the executors to sell the entire property, was in 1903, before the appointment of the Title Guarantee and Trust Company as trustee, in the three trustees appointed both in Connecticut and New York, of whom the defendant Downs was one, and in the two devisees Mary and Eleanor, each of said five having a title either as trustee or as absolute owner to a one-fifth

interest in said property. All the interested parties evidently desired the property to be sold and the proceeds divided among these five persons. To accomplish this it was found to be for the interest of all parties that the entire title should be taken by one person in New York who could be entrusted with it, and who would be qualified to make the sale, and to divide the proceeds among the five persons who were then entitled to receive it under the will.

Looking at the language of the decrees of the New York court appointing the Title Guarantee and Trust Company in 1903, and accepting its account in 1904, we find that the Title Guarantee and Trust Company was appointed not as a mere agent to make the sale for the existing trustees, but as a trustee itself, *in the place and stead* of the executors and trustees named in the will; to execute the powers given to such executors and trustees; to convey the real estate; to divide and distribute the proceeds among the parties entitled to it; and to render a full account to the New York court. By the decree of 1904 the New York court finds that the property has been sold by the substituted trustee; that by the will, Mary Mott Jones, Eleanor Mott Jones, John G. Leeds, trustee, Nichols C. Downs, trustee, and Carrie B. Jones, trustee, are the persons to each of whom a one-fifth part of the proceeds of the sales should be paid. It orders the Title Guarantee and Trust Company, trustee, to so pay the proceeds to these five persons, and releases the Title Guarantee and Trust Company from liability on account of said trust upon making such payments.

Regarding the acts of the parties, we find that the Title Guarantee and Trust Company has paid the proceeds of the sale directly to the individuals who, either as devisees or as trustees by appointment in this State, are by the will entitled to receive the proceeds of the sale, and two of whom, Mary and Eleanor, were only entitled to receive it as devisees and not under any New York appointment. Though a part of the one fifth paid to the defendant Downs

was received by him in New York, the remainder was sent to him in Connecticut, where he has deposited and used $5,500 of it as if he held it as trustee under his Connecticut appointment. Although this money was paid to Downs in 1904, it does not appear that during the four years after that time and before the trial he has ever been required or has ever endeavored to make any accounting to any New York court for the money he has so received. Since the Title Guarantee and Trust Company was itself a trustee by appointment by the same New York court which had appointed Downs a trustee in that State, and had accounted to that court and had paid over the money by its direction to the persons who were to receive it under the will, it would seem to be a useless proceeding to require Downs to file an account with the same court stating that as ancillary trustee he had received from the Title Guarantee and Trust Company a one-fifth part of the proceeds of the sale, and to require him to procure from the Supreme Court of New York an order directing him as ancillary trustee to pay such one-fifth part to himself as principal trustee.

As we interpret the decrees of the Supreme Court of New York, the Title Guarantee and Trust Company, by its appointment as substituted trustee in that State, not only acquired all the trust title to this New York real estate which Downs and the other trustees had before possessed under their New York appointments, but was clothed with all the powers which they had before possessed respecting it; and was charged with the same duty of paying the proceeds of the sale of it to the Connecticut trustees, as Downs and the other trustees would have been under their New York appointments had they themselves sold the property and received the proceeds; and that after the appointment, upon Downs' application, of the Title Guarantee and Trust Company as the New York trustee, Downs ceased to be any longer a trustee of this property under his appointment in New York. If as ancillary trustee he had any proper

charges against this fund, he was given an opportunity to present them in the court below.

The ruling upon the defendant Downs' second claim was correct. Sections 383 and 384 of the General Statutes require trustees, with certain exceptions, to annually render to the Court of Probate having jurisdiction, their accounts, embracing an inventory of the estate held by them; how it is invested, and the items of income and expenditure; and empower the Court of Probate to adjust and allow such accounts, and to make necessary orders to secure the execution of the trusts, subject to appeal as in other cases. If under these sections the Court of Probate of Stamford could, under the circumstances, have finally adjudicated the question of whether, under the will of Mary F. Jones and the decrees of the Supreme Court of New York, the defendant Downs held the fund in question under his Connecticut appointment or under that of the Supreme Court of New York, it did not do so by merely approving the account presented by Downs in which he did not charge himself with the item of $5,500. The question presented in the present case was neither raised nor decided by the Court of Probate, and its action in accepting Downs' account is not a bar to this action. *Prindle* v. *Holcomb*, 45 Conn. 111, 123; *Lawrence* v. *Security Co.*, 56 id. 423, 428, 15 Atl. 406.

We are not prepared to sanction the ruling of the trial court in excluding Exhibit 1, because opposing counsel conceded Downs' appointment as ancillary trustee. Such admission did not deprive the defendant of the right to prove, by the decree of the court, that fact which was material to the inquiry before the court. But as the court has found that he was so appointed, and as paragraph 7 of the second defense, which was admitted by the demurrer, states the substance of the decree, we do not see, upon an examination of Exhibit 1, which is a part of the record before us, how the defendant could have been injured by its exclusion.

There was no harmful error in excluding Exhibit 3. The finding of facts correctly states the substance of the order of the Court of Probate of Stamford. The copy of the record offered neither proves nor tends to prove that Downs has ever accounted or been excused from accounting for the money in question.

Exhibit 8 was rightly excluded. It contains no stipulation of William P. Jones that Downs should account for this money in the New York court, even if such a stipulation could have affected this plaintiff.

Exhibits 5 and 6 were properly rejected. They do not contain admissions by plaintiff's attorney to defendant's attorney that an accounting regarding these funds must be had in New York, even if his opinion to that effect would have been admissible as evidence.

There is no error.

In this opinion the other judges concurred.