William F. Geenty, Ancillary Administrator (Estate of Mary P. Carlisle) v. The Phoenix Mutual Life Insurance Company.

The Phoenix Mutual Life Insurance Company v. Jay F. Carlisle, Jr., et als.

Maltbie, C. J., Avery, Brown, Jennings and Ells, Js.

Argued June 4—decided July 25, 1940.

*Samuel A. Persky,* for the appellee (plaintiff) in the first case and the appellant (defendant administrator) in the second case.

*Reese H. Harris, Jr.,* with whom was *Charles Welles Gross,* for the appellant (defendant) in the first case and the appellee (plaintiff) in the second case.

MALTBIE, C. J. The Phoenix Mutual Life Insurance Company issued to Jay F. Carlisle two policies of insurance upon his life, naming as beneficiary his wife if she should be living at his death, otherwise his executor, administrator or assigns. There was no reservation to the insured of a right to change the beneficiary named in the policies. Subsequently, upon the request of Mr. Carlisle and his wife, the policies were altered so as to be payable to her or her executors, administrators or assigns. She died, leaving a large estate and a will in which she gave to each of the sons the sum of $25,000 and gave the rest of her estate to trustees to hold and invest and to pay the net income to her husband so long as he lived; at his death the trustees were directed to divide the fund into three equal portions, each portion to be held and invested by them and the net income thereof to be paid to one of the three sons during his life and upon his death leaving surviving issue the principal to be transferred to that issue, but, in default of such issue, to the decedent's issue then surviving. After her death, on the written request of Mr. Carlisle, an indorsement was made upon the policies making them payable

in equal shares to such of his sons as might be living at his death but if none were living then to his own executor, administrator or assignee. Mr. Carlisle died, not from any cause excepted in the policy. Thereafter the sons furnished proof of death to the company and the amount due upon the policies was paid to them.

The first of these actions was brought by the plaintiff Geenty as ancillary administrator of the estate of Mrs. Carlisle, who died a resident of New York, to recover from the company the amount due upon the policies. The company filed an answer and a cross-complaint, each alleging that the payment of the amounts of the policies to the sons was under a mistake, and the cross-complaint seeking as relief a decree which would have the effect of impounding the amount due upon the policies until the company might be reimbursed for the amount paid by it to the sons. The company also sought to cite in as additional parties the three sons, all nonresidents of the state of Connecticut, but the motion was denied. Thereafter the trial court entered judgment for the plaintiff to recover the amount due on the policies, with stay of execution, however, until the final determination of the second action, brought in another county and then pending. That action was brought by the company against the ancillary administrator and the three sons by a writ directing the sheriff to garnishee the administrator as agent, trustee and debtor of the sons. In the complaint the company alleged the facts as to the payments of the amount of the policies to the sons substantially as stated above and upon the ground that this was due to a mistake sought similar relief to that claimed in the cross-complaint filed in the first action. A plea to the jurisdiction of the court was filed upon the ground that the sons were nonresidents of the state and that the administrator did not hold any

goods, effects or estates of the defendants, nor was he indebted to them. This plea was overruled and upon the trial of the action judgment was rendered that the company recover from the sons the amount paid them under the policies, that the administrator be enjoined from transferring out of this jurisdiction the proceeds of the judgment recovered by him on the policies in the first action and that he should keep the money within his control within this state and should pay to the company the net income and any part of the principal to which the sons might be entitled until the company had received full satisfaction of the judgment against them, provided that upon order of the Court of Probate for the district of Hartford the administrator, upon the death of any of the sons leaving issue, might pay to the issue the trust fund then held for their benefit.

The company appealed from the judgment secured by the administrator in the first action and the administrator appealed from the judgment for the company in the second action. As the case stands before us, the right of the administrator to recover upon the policies is not disputed, nor is there any appeal from the judgment in the action brought by the company in so far as the trial court found that the company was entitled to relief on the ground of mistake made in paying to the sons the amounts due upon the policies. The decisive issue before us is as to the jurisdiction of the court to give relief to the company in view of the fact that the sons are all nonresidents of the state, and the only basis of jurisdiction would be the existence in this state of property of theirs upon which the court could seize. The amounts given to the sons under the will of their mother have been paid, and all claims against her estate have been paid or provided for. The question may, then, be stated in this way: Where a nonresi-

dent dies leaving a will in which her property is given to a nonresident trustee to hold and invest during the lives of her sons, the income to be paid to them and at their death the principal to be distributed to their issue or, in default of issue, to the decedent's own issue, and an ancillary administrator of her estate recovers in this state a judgment for a sum of money due the estate, have the sons such a right in that money as constitutes property within this state so that a court of equity has jurisdiction to seize upon it and hold it to meet the demands of a resident creditor of the sons?

In *Coyne* v. *Plume*, 90 Conn. 293, 97 Atl. 337, the plaintiff, a resident of this state, sought to enforce a claim against the defendant Plume, a nonresident, upon the basis of the garnishment of a resident trustee holding a fund a portion of the income of which was directed to be paid to the defendant. At the time the writ of garnishment was served upon the trustee, there had accumulated a considerable amount of income, but this had been attached by writ of garnishment in two other suits and subsequently judgments were rendered in them the satisfaction of which took all of the accumulated income. We held that there was nothing due the defendant at the time the garnishment was served and that therefore the trial court lacked jurisdiction to render judgment against him. We referred to the statute, now § 5723 of the General Statutes, which makes income of a trust to which the beneficiary is absolutely entitled liable in equity to the claims of his creditors; we pointed out that that remedy was only available where the court had jurisdiction; and we held that the statute was ineffectual to confer jurisdiction upon our court in the absence of any property in this state which was seized upon in an action brought here. The company seeks to distinguish

that case upon the ground that in the situation before us there had been an accumulation of interest upon the amount recovered by the administrator, which to a considerable amount was included in the judgment he recovered and to which the sons would be entitled; and it also, inferentially at least, questions the correctness of the decision with reference to the effect of the statute. We have no occasion, however, to consider these contentions. In the situation before us, the resident creditor does not found its claim upon the right of a beneficiary to receive income from a trust fund in existence in this state, but bases it upon the contention that the sons have a property interest in the amount recovered by the plaintiff as ancillary administrator of an estate in settlement in New York.

Ownership of property necessarily involves a right, either presently or in the future, to exercise, to some extent at least, dominion over it; *Reilly* v. *Pepe Co.,* 108 Conn. 436, 447, 143 Atl. 568; *Buchanan* v. *Warley,* 245 U. S. 60, 74, 38 Sup. Ct. 16; 50 C. J. 731; and ownership of property in a particular state involves the right to exercise such dominion in that state. The title to the trust fund under the will of Mrs. Carlisle and the right to receive it upon the distribution of the estate was in the trustees appointed by her. *State* v. *Thresher,* 77 Conn. 70, 74, 58 Atl. 460; and see *Jones* v. *Downs,* 82 Conn. 33, 40, 72 Atl. 589. The plaintiff administrator was not a trustee of the trust created by her; his duty was to administer the property and distribute it to those entitled to receive it. *Ryder* v. *Lyon,* 85 Conn. 245, 252, 82 Atl. 573. The beneficiaries of the fund had a property interest in the income and possibly in the principal, but that was not a personal right which they could assert against the estate of Mrs. Carlisle. There might be circumstances under which they could bring proceedings to compel

the administrator properly to account for the fund and to secure it to the trust; *Preston* v. *Preston*, 102 Conn. 96, 123, 128 Atl. 292; but where a beneficiary of a trust brings such an action he "is not enforcing his own cause of action, but is acting as a temporary representative of the trust in order to effect a recovery which will go to the trustee or his successor for the benefit of the cestui." 4 Bogert, Trusts & Trustees, 2534. As this case stands before us, the sons have no individual rights which they could assert against the plaintiff administrator in this state.

Whether property in the hands of an ancillary administrator in this state should be remitted to the principal administrator in another state or should be administered in this state is a matter resting in the legal discretion of our courts. *Lawrence* v. *Kitteridge*, 21 Conn. 577, 584; *Marcy* v. *Marcy*, 32 Conn. 308, 320; *Lawrence's Appeal*, 49 Conn. 411, 421; *Iowa* v. *Slimmer*, 248 U. S. 115, 121, 39 Sup. Ct. 33; 90 A. L. R. 1046, note. But whether one course or the other should be adopted is a matter primarily for the determination of the Court of Probate having jurisdiction over the estate. *Lawrence* v. *Kitteridge*, supra; *Pigott* v. *Donovan*, 91 Conn. 444, 446, 99 Atl. 1047; *Home Trust Co.* v. *Beard*, 116 Conn. 396, 400, 165 Atl. 208. Should the Court of Probate order the distribution of the property here, that distribution would necessarily have to be in accordance with the will of Mrs. Carlisle and would involve the appointment here of a trustee or trustees to carry out its terms. It was beyond the power of the Superior Court to assume primary jurisdiction to render judgments which would bring about the administration of the property in this state. *Reiley* v. *Healey*, 122 Conn. 64, 79, 187 Atl. 661. It necessarily follows that the sons had no property interest in this state at the time the action by the company was be-

gun sufficient to give to our courts jurisdiction. Their rights against the trustees of the trust fund can be asserted only under the laws of New York by virtue of which the title to it vested in the trustees. See *Russell* v. *Hooker*, 67 Conn. 24, 27, 34 Atl. 711. The attempted garnishment of the administrator could not avail to give the courts of this state jurisdiction because he had no effects of the sons in his hands and was not indebted to them. *Russell* v. *Hooker*, supra, 28. In an action brought by the administrator the court could have given no judgment affecting the interests of the sons and it was not in error in refusing to cite them in as parties.

There is no error in the action of Geenty, Administrator, v. The Phoenix Mutual Life Insurance Company. There is error in the case of The Phoenix Mutual Life Insurance Company v. Carlisle et als., the judgment is set aside and the case remanded with direction to erase it from the docket for want of jurisdiction.

In this opinion the other judges concurred.