SONIA S. ORLOFF v. JAMES H. HAYES ET AL.

SUPERIOR COURT          FAIRFIELD COUNTY          FILE NO. 72799

Memorandum filed July 10, 1946.

*Goldstein & Peck,* of New London, for the Plaintiff.

*Joseph L. Shulman,* of Hartford, and *Marsh, Day & Calhoun,* of Bridgeport, for the Defendants.

KING, J.  The plaintiff sues both as an individual and as a coexecutor (with the defendant Hayes) of the will of her late husband, Boris Said, deceased.  Under the will, she is a life tenant of the major part of the estate.

The gist of the suit is a claimed injury to the assets of the estate as a result of Hayes' transactions with it.  As set forth in paragraph two of the complaint, Hayes, as a coexecutor, theoretically should have been a party plaintiff but is made a defendant, as, of course, he would not sue himself.

The defendants Hayes and Gerli have filed, separately, motions to drop Sonia S. Orloff, individually, as a party plaintiff on the ground that the cause of action, if any, stated in the complaint is one which can be maintained only by the fiduciary (and not by an indivdiual beneficiary), who alone has a property right in the trust under the rule laid down in *Preston* v. *Preston,* 102 Conn. 96, 123; *Geenty* v. *Phoenix Mutual Life Ins. Co.,* 127 Conn. 107, 113.

It will thus be noted that the real claim of misjoinder of parties plaintiff made by the defendants is, not that there is any improper or wrongful combination of parties plaintiff, that is, any misjoinder, as such, of parties plaintiff, but that Sonia S. Orloff, as an individual, has stated no cause of action.  Had she sued alone in her individual capacity, it is obvious that the claims made by the defendants would have been raised by demurrer.  *Cogswell* v. *Second National Bank,* 76 Conn. 252,

261, 262. And, as pointed out in Practice Book, §97, "the demurrer is the only remedy before trial by which to test the sufficiency of a cause of action." The fact that there is more than one party plaintiff does not change this rule.

The reasons why a demurrer is the only sound method of attack in a situation of this kind are manifold, obvious and compelling. Perhaps the most important are our repleading statutes, which permit an amendment over after demurrer sus-tained. This is a much more reasonable and sensible procedure than eliminating, on a motion to drop, a party who has failed to state a cause of action and then allowing him to come in again in order to replead and correct the shortcomings in his original complaint. See *White* v. *Portland*, 67 Conn. 272, 278.

While instances may be found (such as *Korzen* v. *Southbury*, 124, Conn. 674, 678) where the motion to drop for misjoinder seems to have been used as a substitute for a demurrer, in no case has the propriety of such a practice been squarely deter-mined. If it is to be held that where a plaintiff fails to state a cause of action the appropriate remedy is by motion to drop under Practice Book, § 65, if there are multiple parties plain-tiff, and by demurrer if there is but one party plaintiff, such a holding should be made by the Supreme Court of Errors.

The remedy of these defendants, if the claims they now make are correct, is by demurrer and not by motion to drop on the ground of misjoinder of parties plaintiff.

The motion of each defendant is denied and dismissed, in toto.