EDWARD R. FINCH, JR. *v.* KATHARINE J. REESE ET AL.

SUPERIOR COURT       HARTFORD COUNTY       FILE NO. 162962

Memorandum filed May 29, 1970

*Morse, Wells & Murphy,* of New Haven, for the plaintiff.

No appearance for the defendants.

SIDOR, J. This is an appeal from a decree of the Probate Court for the district of Hartford, which accepted and approved an account of the plaintiff and denied an application for the ascertainment of distributees and an order for distribution. The plaintiff represents that he and the Bank of New York are cotrustees of a testamentary trust created by a New Jersey testatrix, Mrs. Mabel Jackson, who, at the date of her death, owned real property in the probate district of Hartford. The Essex County Surrogate's Court of New Jersey issued letters of trusteeship to them, and the Probate Court for the district of Hartford appointed them ancillary trustees, owing to the existence of such real property. The life beneficiary of the trust is Mrs. Jackson's son, for whom the plaintiff has been appointed the legal guardian. The son is not a resident of Connecticut. The remaindermen include a large number of persons and institutions, the majority of whom

reside or are located outside Connecticut. All Connecticut creditors of the trust have been paid in full.

At some time prior to the commencement of the proceedings now before this court, the trustees sold the real property and now hold only personal property, which is small in relation to the property presently being administered under the jurisdiction of the Essex County Surrogate's Court. The plaintiff asked the Probate Court to approve the trustees' account as a final account and to order the transmission of the principal to the plaintiff and the Bank of New York as trustees under the letters of trusteeship issued in New Jersey. The court below approved the account as a periodical one and denied the application for such an order on the ground that it lacked the jurisdiction or authority to grant the relief sought.

The record does not disclose whether or not anyone appeared before the Probate Court in opposition to the application. The only appearance entered in this court is that of the plaintiff.

On an appeal from the Probate Court, this court has the same power as the Probate Court. *Prince* v. *Sheffield,* 158 Conn. 286. Section 45-4 of the General Statutes authorizes courts of probate to call trustees to account and to make any lawful orders to carry their power into effect. Courts of probate may order an ancillary administrator to transmit an estate to a domiciliary administrator; *Geenty* v. *Phoenix Mutual Life Ins. Co.,* 127 Conn. 107, 114; Locke & Kohn, Conn. Probate Practice § 60; and may substitute one domiciliary trustee for another. *Macy* v. *Cunningham,* 140 Conn. 124, 131. The relief requested in the case is likewise within the jurisdiction of the Probate Court to order and so is within the jurisdiction of the Superior Court on appeal.

The central problems presented by this appeal are whether the Probate Court had authority to order a transfer of the situs of administration of the trust assets within its jurisdiction and, if it had, whether the circumstances of this case warranted the exercise of such authority.

The primary guide for a court in dealing with trust instruments is the intention of the settlor. *Hartford National Bank & Trust Co.* v. *VonZiegesar*, 154 Conn. 352, 359; *Connecticut Bank & Trust Co.* v. *Lyman*, 148 Conn. 273, 279. Had the testatrix specifically provided in her will that, upon the sale of the Connecticut realty, the assets subject to ancillary jurisdiction in this state should be transferred to the trustees acting under their New Jersey appointment, there would seem to be no doubt as to the proper course to follow. See 5 Scott, Trusts (3d Ed.) § 614. The court below held, however, that in the absence of any such express term in the will it had no authority to permit such a transfer. There seems to be no authority or any case precisely in point. A series of New York decisions have dealt with the propriety of transferring the primary, rather than merely the ancillary, situs of trust administration. An early case involving this problem is *Matter of Matthiessen*, 195 Misc. 598, where the court had to decide whether the individual trustee of an inter vivos trust could substitute as cotrustee a California trust company for a New York one and at the same time have the situs of the whole trust transferred to California. In holding that the situs of the trust should be transferred, the court considered two factors as controlling: (a) What was the intention of the settlor as expressed in the trust instrument? and (b) would a transfer offend any public policy? In the later case of *Matter of Hudson*, 23 N.Y.2d 834, the New York Court of Appeals affirmed an order of the Appellate Division.

In its memorandum, the Court of Appeals noted with apparent approval, at page 835, the determination of the court below that "in the absence of either an express provision for a change of situs or a necessary implication of an intent that the situs could be changed, such a change would not be permitted except upon a showing that it would benefit the administration of the trust or, if it was a question of benefit to a holder of a beneficial interest, a showing that the change was beneficial to such holder and not unduly burdensome to other beneficially interested parties . . . ." For additional New York cases on this issue, see *Application of Chase National Bank of the City of New York (Stillwell)*, 102 N.Y.S.2d 124 (S. Ct., N.Y. County); *Matter of Flexner*, 7 Misc. 2d 621 (S. Ct., N.Y. County); *Matter of Smart*, 15 Misc. 2d 906 (S. Ct., N.Y. County); see also 5 Scott, loc. cit.

Although the record before the court does not reveal any express provision for changing the situs of ancillary administration, it is possible to find an implied intent. The decedent was a New Jersey resident at the time of her death; her will was probated in New Jersey, where the majority of the trust assets are now being administered subject to judicial guidance; the life beneficiary is not a resident of Connecticut, and the remaindermen are scattered throughout several states; in her will the testatrix directed that New Jersey law should apply as to all her testamentary dispositions except insofar as they pertain to property situated outside of New Jersey. It is clear that the most significant legal proceedings have occurred and will continue to occur in New Jersey, as the testatrix intended, and that Connecticut's involvement stems only from the location of certain real property in this state. Since the realty has now been converted into a liquid asset, it is appropriate to adhere to the

implied intent of Mrs. Jackson that her testamentary trust be administered in New Jersey.

Another reason for approving the order for transmission is that "it would benefit the administration of the trust." *Matter of Hudson,* supra. Elimination of dual administration will tend to reduce inconvenience and expenses, to the benefit of the objects of Mrs. Jackson's bounty, and will obviate the possibility of conflicting decrees by different courts. See *Lawrence* v. *Kitteridge,* 21 Conn. 577, 584. In the absence of an affirmative reason for continuing the ancillary administration, such as the existence of real assets in this state, administration of the trust should be consolidated at one situs.

Under the New York cases noted above, the sole remaining issue to be resolved is whether the public policy of this state prohibits the relief requested. We find sufficient indicia in both our cases and statutes to hold that no public policy of this state forbids transmission of the assets in Connecticut to the New Jersey trustees. *Lawrence* v. *Kitteridge,* supra, makes it clear that, in the administration of estates, transmission of assets out of this state is not violative of any public policy. The case of *Jones* v. *Downs,* 82 Conn. 33, indicates that the same is true in the administration of testamentary trusts. There, the plaintiff brought an action to secure the delivery of trust funds as the defendant's successor trustee. Both parties were Connecticut residents. Downs, however, had previously been appointed ancillary trustee in New York as well as domiciliary trustee in Connecticut. Upon his petition, the New York court had substituted a local trust company as trustee in place of Downs in order to sell more conveniently certain New York real estate held in trust. Following the sale, the trust company had delivered a part of the proceeds to Downs in his fiduciary

capacity. In the course of its opinion our Supreme Court stated, at page 41, that the New York trust company "was charged with the same duty of paying the proceeds of the sale of . . . [the New York real estate] to the Connecticut trustees, as Downs and the other trustees would have been under their New York appointments had they themselves sold the property and received the proceeds . . . ." It is evident that if Connecticut expects ancillary trustees in New York to transmit proceeds to domiciliary trustees in Connecticut, then Connecticut would not refuse, as a matter of policy, to allow transmission of trust funds from the ancillary fiduciary in Connecticut to the domiciliary one elsewhere. Cf. *Matter of Matthiessen,* supra, 604; 5 Scott, op. cit. § 573. Finally, § 45-90 of the General Statutes permits the transfer of administration of a domiciliary, i.e., a Connecticut trust, to another jurisdiction under certain circumstances. It would be inconsistent with this legislative expression of public policy to hold that ancillary trusts may not, as a matter of policy, be transferred to another jurisdiction.

Comparison between the judicial treatment of ancillary administration of estates and the present proceedings supports our position. If this property had, at the date of Mrs. Jackson's death, been personal instead of real, it is probable that it would have been transferred to the domiciliary representative of the estate and thence to the domiciliary trustees. See *Geenty* v. *Phoenix Mutual Life Ins. Co.,* 127 Conn. 107, 114; *Lawrence* v. *Kitteridge,* supra; 31 Am. Jur. 2d, Executors and Administrators, §§ 706, 707; note, 90 A.L.R. 1043. Now that the realty has become personalty, this state's interest in exercising its jurisdiction has ended, and an order to transfer the assets is appropriate, even though the estate was closed some time ago.

In view of our public policy discussed above, the application for an order of transmission of funds to the domiciliary trustees ought to have been granted and the account approved as a final account in order to effectuate the implied intention of the testatrix with regard to the situs for administering this trust and in order to facilitate its administration.

Therefore, it is hereby ordered that the principal funds be transmitted to the Bank of New York and the plaintiff, cotrustees under the letters of trusteeship issued in New Jersey.