DODD, EXECUTOR *v.* POSTEL'S ESTATE.

[No. 27,019. Filed April 27, 1938.]

George H. Koons, Richard L. Ewbank, David A. Meyers and John J. Dodd, for appellant.

F. Clayton Mansfield, Fred Davis, Joseph H. Davis and Robert F. Murray, for appellee.

ROLL, C. J.—This action was commenced by Emma L. Postel by filing a claim against the estate of Lewis Postel to recover one-half of certain moneys, bonds and securities, in the amount of some $15,000.00 which claimant alleged was fraudulently concealed and sequestered by Lewis Postel at a time when an accounting was had between Emma L. Postel and Lewis Postel under order of court.

The claim which is the basis of this action is founded upon the following facts which are set out and pleaded in the complaint or claim that was filed against the Lewis Postel estate. Emma L. Postel and Lewis Postel were married in 1887 and lived together as husband and wife until September 26, 1930. At the time of the marriage Lewis Postel had about $175.00, which was all the property of any description owned by him at

that time. The parents of Emma Postel gave to her personal property of the value in excess of $175.00 and later gave her real estate and money and the said Emma L. Postel inherited separate parcels of real estate from her parents at the time of the death of her father and mother. That the said Lewis Postel never engaged in any individual business of his own, but in all of his business activities, Emma L. Postel was either an active partner or he (Lewis Postel) was engaged in managing the property of Emma L. Postel. That all of the property that Lewis Postel had and possessed was either the individual property of the said Emma L. Postel or was property that was the fruits of the individual property of Emma L. Postel or derived from property owned by Emma L. Postel and Lewis Postel as tenants by the entirety.

That in 1913 Emma L. Postel became an invalid and continued an invalid up until the time of her death. That from the year 1913 to 1930 Lewis Postel had charge of and collected rentals from their entireties properties and also the rent from property belonging to Emma L. Postel individually. That in the year 1930 Emma L. Postel learned that Lewis Postel had sold certain real estate that belonged to her and Lewis Postel by the entireties and had purchased real estate reserving unto himself a life estate with the fee title to one Mary G. Vinning. That she thereupon instituted an action in the Delaware Circuit Court praying for an accounting. This action was number 7629 of the Delaware Circuit Court. After Emma L. Postel had filed her suit for an accounting the said Lewis Postel filed an action for divorce in the Delaware Superior Court, which action afterwards was transferred to the Delaware Circuit Court and became cause number 8089 of the records of the said court. To this complaint for divorce Emma L. Postel filed an answer in general de-

nial, and also a cross-complaint asking for separation from bed and board. Later, however, this cross-complaint was withdrawn and a second cross-complaint was filed wherein she asked for an absolute divorce.

Cause number 7629 and cause number 8089 were consolidated for trial under the latter number and in January, 1931, said causes were submitted to the court without the intervention of a jury. Upon the trial the court found for Emma L. Postel upon her complaint for an accounting and that she was entitled to an accounting and in the divorce action found for the said Emma L. Postel upon her cross-complaint; that she was entitled to an absolute divorce from the defendant.

After the court had adjudged in cause No. 7629 that Emma L. Postel was entitled to an accounting, the said Emma L. Postel and Lewis Postel agreed upon a division of all the property both real and personal held by the said Lewis Postel and this agreement was reduced to writing and filed with the court and the court approved said agreement and entered a decree in accordance with said. agreement. The agreement is as follows:

"That whereas it has been found by the court in cause No. 7629 in the Delaware Circuit Court that said Lewis Postel shall account to the said Emma L. Postel in her action in said court, each of the parties as full and final settlement of their property rights in consideration of the agreements of the other, each agrees upon the following division of their property rights and claims as follows, to wit: the said Emma L. Postel is to have and own all the ' household goods and furnishings and property at 434 East Charles Street other than as follows: that the said Lewis Postel is to have and own two old autos which he heretofore purchased and has heretofore claimed, and all tools and other personal property other than Emma L. Postel's Automobile and the wall paper now in the garage at 434 East Charles Street, and all of which said property he is to remove from the premises at 434 East Charles Street not later than January 9th, 1931.

"That Lewis Postel is to transfer to Emma L. Postel Twenty Thousand ($20,000.00) Dollars of the accumulated money now in his hands, which shall be and become her property and he is to retain the remainder of the money, stocks, bonds and other monetary property now in his hands as his own and separate property.

"It is further agreed by the parties that, of the real estate in their joint names, they shall convey to F. Clayton Mansfield as trustee for re-conveyance to Emma L. Postel, the following real estate in Delaware County in the State of Indiana, to-wit: . . .

"It is further agreed by the parties that of the real estate in their joint names, they shall convey to F. Clayton Mansfield as trustee for reconveyance to Lewis Postel the following real estate in Delaware County, in the State of Indiana, to-wit: . . .

"It is further agreed by the parties that the mausoleum erected in Tomilinson Cemetery and now in the name of Lewis Postel shall be and is his sole and separate property and that Emma L. Postel has no right or interest therein.

"It is further agreed that all other and additional claims of one party as against the other party of every kind and description and nature, are fully settled and satisfied and set at rest in consideration of the agreements of the other party as above set forth."

In the accounting suit the court specifically found that the allegations of plaintiff's complaint were true.

It is further alleged in the claim herein that the agreement between Emma L. Postel and Lewis Postel was to the effect that Lewis Postel and Emma L. Postel were the owners by entirety of all the property both personal and real which Lewis Postel held and of which he was the apparent owner. That in the division of said entireties property the said Lewis Postel produced certain moneys and securities and properties and represented that the money and property and securities mentioned in the agreement was in fact all of the property which he had. That the parties thereupon agreed to a

division of all of the property made known and divulged by the said Lewis Postel. To which division the plaintiff herein, the said Emma L. Postel makes no complaint. It was found by the court in said cause 7629 that the real estate in which the said Lewis Postel had retained a life estate and the fee simple to the said Mary G. Vinning was a fraud upon Emma L. Postel and that the deed should be set aside. The title of the said Emma L. Postel and Lewis Postel to said real estate was quieted and a commissioner was appointed to convey said real estate to Emma L. Postel and Lewis Postel, husband and wife, free from any claim or demand of the said Mary Vinning. That in accordance with said agreement the property that was represented and claimed to be all the property held and owned by Lewis Postel was divided, the said Emma L. Postel taking certain parcels of real estate and certain sums of money as her share in value of all of said property and the said Lewis Postel taking certain real estate and the remainder of the personal property as and for his equal share in value of said property.

It is alleged in the claim herein that at different times both before the trial and upon the trial of the accounting that certain real estate, personal property, stocks, bonds and money were represented by the said Lewis Postel as being in his possession and control and that it constituted all of the property which he had and that he had no other property either personal or real whatsoever other than the property that he had disclosed to the said Emma L. Postel and set out and mentioned in the agreement, the division of which is detailed in the agreement and also detailed in the judgment of the court. That before the division was made and after he had divulged to the plaintiff the property that is set out and mentioned in the agreement and judgment, the said Lewis Postel stated that he was willing to consider all

of the property held by him, as entireties property, including all of the real estate held by him in his individual name and all money and securities and other things of value held by him, and to divide all of said property one-half to each. That Emma L. Postel agreed to such a division and that said division was made upon said basis. That prior to the time said agreement was entered into, the said Emma L. Postel had made diligent search and had caused diligent seach to be made for money, bonds or other things of value held by, or in the possession of the said Lewis Postel, but had been unable to discover any property other than that which the said Lewis Postel had made known to her at the time said agreement was made and said accounting was had.

The claim further alleges that at the time the said Lewis Postel made known to the plaintiff the property mentioned in the agreement he in fact had other property which he had secreted and hidden and concealed and that he did not disclose to the said Emma L. Postel the sequestered and secreted property and that the representations above set out to the effect that he had disclosed all the property which he had was false and was made for the purpose of deceiving the said Emma L. Postel, and that the said sequestered and concealed property consisted of a large sum of money, stocks and bonds which were the fruits of rents and profits of the separate estate of the said claimant and properties owned by the said Lewis Postel and Emma L. Postel by entireties and in and to which the said Emma L. Postel was the owner of an undivided one-half thereof. That said sequestered property consisted of paper money, gold and silver, money of the United States in the sum of $18,000.00 and also liberty bonds of the United States in the sum of $5,000.00 and that in making the agreement heretofore referred to no account whatsoever was

taken of said money, stocks and bonds that had been sequestered and secreted and hidden from the said Emma L. Postel and that a division of said property would have been made but for the fraud and deceit of the said Lewis Postel; that had it not been for the sequestering and concealing of the said property by Lewis Postel, the said Emma L. Postel would have received $15,000.00 in property or money more than she did receive in making said settlement. To this complaint or claim no pleadings were filed by the estate. The cause was submitted to the court for trial. The jury under the peremptory instruction of the court returned a verdict for the defendant.

The motion for a new trial was filed which was over-ruled and the overruling of this motion is the only error assigned for a new trial. Thirty separate grounds are assigned as reasons for the motion for a new trial. The first is that the verdict of the jury is not sustained by sufficient evidence; second, the verdict of the jury is contrary to law; the third, fourth, fifth, and sixth raise the same question as the first and second. The seventh ground relates to certain instructions given by the court in ruling upon certain questions propounded to the witness Emma L. Postel. The remaining grounds have to do with the refusal to admit certain offered evidence by the claimant at the trial and in the court directing a verdict in favor of the defendant.

The decisive question presented by this appeal relates to the ruling of the court in excluding certain offered testimony by the claimant. The plaintiff offered evidence tending to prove that Lewis Postel owned five one-thousand-dollar liberty bonds at the time the agreement mentioned in cause number 7629 was entered into and that he had secreted said bonds and that the same did not enter into nor were they considered by the parties in making said division.

The question propounded to the witness was: "Q. At that time did Mr. Postel hand over to you any securities?" The objection made to this question was to the effect that evidence had already been introduced by the plaintiff that showed that on January 8, 1931, a decree of absolute divorce was awarded the plaintiff against the deceased, Lewis Postel, in cause number 8089 in the Delaware Circuit Court. The judgment in that cause was one for an absolute divorce. There is no showing in this cause by evidence herein that the judgment of the court rendered in that cause was void; there is no showing that in that cause the judgment was rendered without jurisdiction of both the parties and of the subject-matter nor is it shown that the court in that action had no jurisdiction of the parties or of the subject-matter, and unless it is affirmatively shown from the record that the judgment in that cause was void, it is not subject to a collateral attack. The evidence offered constitutes a collateral attack upon the decree and judgment in the divorce action and said decree and judgment is not subject to a collateral attack in the present action. The same contention was urged as to cause number 7629, being the suit for an accounting, and inasmuch as the judgment and decree in said accounting suit was final, and therefore, it is conclusive until set aside by a direct proceeding. That there is no showing that the judgment in either the divorce suit or the accounting suit was void for lack of jurisdiction either of the parties or of the subject-matter. That the parties are the identical parties to said divorce suit and to said suit for an accounting and that the claim which is now being tried and the complaint for an accounting disclosed that the matters involved in this action go to the same matter which was litigated in the accounting action, and, therefore, was adjudicated in said action.

This evidence was excluded by the court. Other evi-

dence was offered along the same line, and similar objections were made and like rulings were made by the court. Evidence by other witnesses was offered which will be illustrative of the many offers and objections made and rulings of the court.

The question propounded was, "I wish you would detail to the jury what Mr. Postel said to you and what you said on that occasion?" Objection was made to this question based upon the same grounds as heretofore stated. The offer to prove was as follows: He said, "Now I will tell you and show you why I asked you men to step in the next room." That Mr. Postel showed the witness a large box of currency and that he stated to this witness that, "it contained in the neighborhood of $22,000.00," and at the time the statement was made the divorce action and suit for an accounting had not yet been determined. That Mr. Postel said that, "Mrs. Postel thinks that I am broke and that Mrs. Postel thought that she had gotten one-half of the property that they had, but that she did not," and that Mr. Postel afterwards exhibited to the witness the same box of currency that he had exhibited before and stated that, "he had some twenty-two or twenty-three thousand dollars that Mrs. Postel did not know anything about and that Mrs. Postel thought she got one-half of everything but that only Lewis Postel knew what Lewis Postel had." Similar objections were made to this offered evidence and the court made similar rulings.

The plaintiff offered to prove that the agreement between Mr. and Mrs. Postel relating to the division of their property in the accounting suit was to the effect that all of the property owned by Lewis Postel and held by him should be divided one-half to Emma L. Postel and one-half to Lewis Postel and that Lewis Postel said that he had disclosed all of the property both real and personal of every kind and description which he had,

which offered testimony was objected to and the objection sustained by the court.

The position of the court in ruling upon the admissibility of the offered testimony is made clear by the following excerpt from his ruling: "The testimony of the witness, if permitted or required to be given, would be incompetent for the reason that this particular suit and this particular proceeding is a collateral attack upon a judgment of a court of competent jurisdiction. Testimony to impeach that judgment is incompetent. In the divorce case, when it was before the court, the parties were in court and the court had jurisdiction of the parties and the court had jurisdiction of the subject-matter. Any divorce case the court has jurisdiction over all the property of the parties to dispose of as the court thinks the fact and the law of the case justify. In this case the record here has been read to the jury. The court did pass upon their marital rights, the right to a divorce and the settling of all of their property rights. The judgment is not subject to a collateral attack such as this proceeding is."

Without stating each separate question and the objection made, and the offer to prove that was made and assigned as a cause for a new trial, it is sufficient to say that questions were asked and if the witness had been permitted to answer would have given testimony, tending to prove, that after the court had found that the claimant was entitled to an accounting, the parties themselves entered into an agreement and agreed upon the basis of a settlement; that at that time Lewis Postel agreed with Emma Postel, that all property owned or held by him should be regarded as entireties property, and that each should take one-half thereof; that Lewis Postel disclosed certain property held by him, and declared that the same was all the property, either real or personal, which he had; that the

property so disclosed by Lewis Postel at that time was divided, one-half in value to claimant, and one-half to Lewis Postel, and said property so divided is set out in the agreement submitted to and adopted by the court and became a part of the judgment in the divorce and accounting suit herein mentioned; that at said time Lewis Postel had and possessed other personal property consisting of specie and currency, and securities of the value of twenty-two or twenty-three thousand dollars the existence of which was unknown to claimant; that the said Lewis Postel willfully and knowingly secreted said property and did not disclose the same to the claimant at the time the agreement and division was made, and such undisclosed property was not divided at the time and was not taken into consideration by the parties to said agreement. In other words, the offered and rejected testimony tended to prove the agreement between the parties at the time the division of the property was made, and that Lewis Postel withheld from the division certain personal property which should have been disclosed and divided at the time the other property was divided, all as alleged and stated in her complaint herein. All of this offered testimony was rejected by the court for the reasons heretofore set out. Whether or not the offered testimony was competent is the decisive question presented by this appeal.

Appellee very earnestly contends that the offered evidence constituted a collateral attack upon the judgment entered in the divorce action. That the record showed that in the divorce action, the court had jurisdiction of the subject-matter and of the parties and that the court that entered the judgment was a court of competent jurisdiction to hear and determine such actions. That in a divorce action the matter of property adjustment was before the court, and that a judgment in such an action was an adjudication of property rights that was

binding on both the parties unless set aside in a direct proceeding, and could not be attacked collaterally. That the present action constituted a collateral attack upon the judgment in the divorce action and therefore could not be maintained. Appellee also urges the general principle of law that where a matter is finally determined by a competent tribunal, it is considered as at rest forever; and this principle embraces not only what was actually determined, but every other matter which the parties might have litigated under the pleadings in the cause. This principle of law is well supported by authorities and is not controverted by appellant. We find no objection to appellee's general statement of the law which he contends as controlling in this case. The only difficulty is to determine whether or not it is controlling under the peculiar facts in this case.

It must be noted that, as to the division of the property actually divided, appellant makes no complaint. She concedes and apparently is satisfied with the division of the property that was actually divided. The only contention made is that certain property was concealed by appellee's decedent, which should have been revealed and divided, and of which under the agreement she was the owner of an undivided one-half. In the present action appellant does not seek to set aside the judgment heretofore entered in the divorce action or in the accounting action. That judgment is binding until set aside by a direct proceeding for that purpose. But that judgment did not operate upon the sequestered and hidden property sought to be reached by this action. It is conceded by appellee that if the allegations of plaintiff's complaint are true, appellant is the owner and entitled to one-half of the undisclosed property. This action is in aid of the former judgment, rather than a collateral attack upon it. Under the facts presented Lewis Postel was trustee of the property of Emma Postel, and was

under the highest duty to disclose of all the property so held by him. It was held in *Roberts* v. *Smith* (1905), 165 Ind. 414, 74 N. E. 894, that where a guardian makes settlement with his ward and files his account in final settlement, which final account is approved by the court and the guardian is discharged, still the ward may maintain an action to recover money which the guardian held for him and which the guardian had fraudulently and knowingly secreted from the ward, and failed to charge himself with it in his final account. See *Jones* v. *Downs* (1909), 82 Conn. 33, 72 Atl. 589.

As we view the peculiar facts presented in this case we are of the opinion that the rule of law stated by appellee is not applicable to the case at bar. Appellee has cited no case and we have been unable to discover any involving similar facts. But, if the facts be as pleaded, and the evidence should show that appellee agreed with claimant that all property held by him, both real and personal, was entireties property and that she was entitled thereby to own one-half of all of said property, and if a division of such property as was disclosed by appellee, who was the only one who knew the extent of such holdings, was made in accordance with such agreement and appellee knowingly and willfully secreted and withheld a portion of such property, and a division agreed upon which was submitted to and adopted by the court, and after the court had entered judgment, the fact was discovered that appellee had not disclosed all of said trust property, it would seem to be unbelievable that the law was such that would permit appellee's decedent to take, not only the property that was given to him by the judgment in the accounting suit and the suit for divorce, but would permit him to retain the property that is admittedly the property of appellant, if her complaint be true and which he had been able to retain, not only through a breach of his

trust relationship with his wife but by a deliberate and planned breach of his own agreement with her, and that appellant could not recover her portion of said property.

We see no reason for holding that the present claim constitutes a collateral attack upon the judgment in the divorce action or the action for an accounting. This action does not seek to go into any matter that was before the court in either one of said actions. Appellant affirms the adjudication of all the property that was therein divided. Appellant by this action seeks to reach the residue of the entireties property which appellee's decedent had at the time the original agreement and division was made and which was not divided by reason of the failure of said appellee's decedent to disclose the same. By the agreement and judgment in the accounting suit it was agreed and determined that all the property, including the specific property that was divided and set out in the judgment and the residue, if any, that was secreted and undisclosed and undivided, was entireties property, and that appellee's decedent was a trustee for appellant, and that appellant was the owner and entitled to receive one-half of all of such property. If the allegations of appellant's complaint are true, she did not receive all the property which she and appellee's decedent agreed she should have received and which the court in effect decreed she should have received. The facts pleaded stated a good cause of action, and evidence tending to support the averment in the complaint was competent. Such an action does not constitute a collateral attack upon the judgment either in the divorce suit or the suit for an accounting. The court was in error in excluding the offered testimony, and for that reason the judgment of the trial court must be reversed.

Judgment reversed, with instructions to the trial court to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.