**STATE of Indiana, ex rel. Gregory B. SMITH and Judy Sprankle, Co-Administrators of the Estate of Hugh R. Dempsey, Deceased, Relators,**

v.

**The DELAWARE COUNTY SUPERIOR COURT and The Honorable Robert L. Barnet, as Judge Thereof, Respondents.**

No. 982S373.

Supreme Court of Indiana.

Dec. 8, 1982.

Geoffrey A. Rivers, Joseph M. Speece, Muncie, for respondents.

Gregory B. Smith, Smith & Smith, Muncie, for relators.

GIVAN, Chief Justice.

On September 27, 1982, this Court denied Relators' Petition for Alternate Writ of Mandamus and Writ of Prohibition. With this opinion we hereby ratify denial of the writ.

The relevant facts in the case are as follows. On November 30, 1981, a divorce was granted by Respondent court to Nina E. Dempsey from Hugh A. Dempsey. Hugh A. Dempsey had indicated in answers to interrogatories filed in the divorce proceeding that he had cash assets in the amount of $31,854.44. The divorce decree included a property distribution settlement providing for, among other things, a $10,-000.00 cash payment to Mrs. Dempsey.

On April 18, 1982, Hugh Dempsey died. Relators were immediately appointed co-administrators of his estate in Delaware Circuit Court. On May 20, 1982, an inventory and appraisement were filed in that court that showed the decedent had cash assets at his death of $104,782.55, an amount obviously substantially greater than that to which he had sworn in the divorce proceedings conducted a year earlier. Consequently Nina Dempsey filed a Verified Petition to Modify the divorce decree in Respondent court on July 8, 1982. In that petition she alleged the decedent had fraudulently concealed assets from her in the divorce proceeding and sought to have the property settlement portion of the decree modified to grant her a portion of the previously concealed assets. The next day, July 9, 1982, she also filed a claim against the estate in the probate court, said claim being denied by the co-administrators on July 12, 1982.

On August 13, 1982, Relator Gregory B. Smith filed a Motion to Dismiss Nina Dempsey's Verified Petition to Modify the divorce decree in Respondent court. He alleged Respondent court had no jurisdiction to modify the decree due to the death of Hugh A. Dempsey and that Mrs. Dempsey's claim had to be prosecuted only as a claim against the estate in the probate court. After a September 8, 1982, hearing, Respondent denied Relator Smith's Motion to Dismiss. Relators then sought a writ from this Court to compel Respondent to grant the Motion to Dismiss.

Relators' argument is premised on the theory Mrs. Dempsey's attempt to get a modification of the property distribution portion of the divorce decree is a claim

against the estate of her ex-husband and therefore must be prosecuted in the probate court, not in Respondent court where it was filed. As principal support for their argument Relators cite I.C. § 34–1–1–1 [Burns 1973], which states in relevant part:

"If any action has been commenced against the decedent prior to his death, the same shall continue by substituting his personal representatives as in other actions surviving the defendant's death; in the event the action be brought subsequent to the death of the party against whom the cause existed, then the same shall be prosecuted as other claims against said decedent's estate."

Relators point to the last phrase of the above sentence and assert it governs in the case at bar because here "an action [is being] brought subsequent to the death of the party against whom the cause existed" and therefore said action "shall be prosecuted as other claims against said decedent's estate."

That such an action is an action brought subsequent to Hugh A. Dempsey's death is seen, Relators contend, by looking to I.C. § 31–1–11.5–17 [Burns 1980 Repl.], which governs among other things modification of property dispositions in divorce proceedings. In pertinent part that statute states: "The orders as to property dispositions entered pursuant to section 9 [31–1–11.5–9] of this chapter may not be revoked or modified, except in case of fraud which ground shall be asserted within two [2] years of said order." I.C. § 31–1–11.5–17(a) [Burns 1980 Repl.]. Relators assert, "This statute thus creates a new cause of action, separate and distinct from statutory grounds for dissolution of marriage . . . ." Relators conclude a verified petition to modify a divorce decree brought on the authority of this statute, if brought after the party against whom fraud is alleged has died, must be prosecuted only as a claim against his estate in the probate court.

■ We do not agree with Relators in this contention. Rather, we believe I.C. § 31–1–11.5–17(a) invests the court granting the divorce decree with a property settlement provision included therein continu-

ing jurisdiction to modify that decree, insofar as the property settlement is concerned, on grounds of fraud so long as the modification is sought within two years of the decree. Such result is supported by the cases of *Pactor v. Pactor,* (1979) Ind.App., 391 N.E.2d 1148, and *Covalt v. Covalt,* (1976) 171 Ind.App. 37, 354 N.E.2d 766. In both these cases the Court of Appeals recognized I.C. § 31–1–11.5–17(a) invests the court granting the divorce with jurisdiction to modify the decree in accordance with the statute's provisions. Moreover, the *Covalt* case by no means suggests, as Relators claim, such authority to modify depends on the parties having agreed in the property disposition agreement to subsequent modifications. Fraud is grounds for modification notwithstanding the absence of any agreement in the property settlement provision to subsequent modifications.

■ We recognize neither the *Pactor* case nor the *Covalt* case involved the modification of the property disposition portion of a divorce decree after the death of the party against whom the modification is sought. We are also aware of the general rule that divorce proceedings terminate entirely with the death of one of the divorce parties. *See, State ex rel. Gregory v. Superior Court of Marion County, Room One,* (1961) 242 Ind. 42, 176 N.E.2d 126; *Hendrickson v. Binkley,* (1974) 161 Ind.App. 388, 316 N.E.2d 376. However, we believe the legislature has with the passage of I.C. § 31–1–11.5–17(a) created an exception to that rule and that exception is properly applied here.

*Dodd v. Postel's Estate,* (1937) 214 Ind. 39, 14 N.E.2d 539, cited by Relators, does not support their position. In that case a divorced wife brought suit against the estate of her deceased ex-husband on grounds he had concealed assets from her at the time both the divorce proceeding and an accounting to determine the extent of their entireties property were adjudicated. At the trial, testimony as to the concealment of the assets was ruled inadmissible by the trial judge on the theory such testimony constituted a collateral attack on the prior

judgment in the divorce. This Court reversed, holding the wife's present suit, brought as a claim against the deceased's estate was not a collateral attack on a prior judgment but was rather an action in aid of a prior judgment. However, it does not necessarily follow, as asserted by Relators, that the action in the case at bar is required to be brought only as a claim against the estate and that therefore Respondent was required to grant the Motion to Dismiss. At the time the *Dodd* case was decided, the legislature had not provided for modification of divorce decrees on grounds of fraud or any other grounds as it has now done through I.C. § 31–1–11.5–17(a). Thus, the *Dodd* case is not dispositive of the issue before us and does not require a sustaining of Relators' position in this case.

We conclude Relators are in error in asserting the Verified Petition to Modify brought in Respondent court is a separate "action ... brought subsequent to the death of the party against whom the cause existed ...," as that language is used in I.C. § 34–1–1–1. Rather, we see such action as a continuation of the divorce proceeding and as such is part of an "action ... commenced against the decedent prior to his death" and thus "continue[s] by substituting his personal representatives as in other actions surviving the defendant's death ...." The first part of the language drawn from I.C. § 34–1–1–1 governs, not the last part as asserted by Relators. Thus, the denial of Relators' Motion to Dismiss by Respondent was proper. The Verified Petition to Modify brought by Nina Dempsey did not represent a new cause of action commenced after the decedent's death.

The writ is denied.

All Justices concur.