**In re the MARRIAGE OF John C. HILTON & Sharon A. Hilton.**

**John C. HILTON, Appellant (Petitioner Below),**

v.

**Connie SHAFFORD, Appellee (Respondent Below).**

**No. 4–583A169.**

Court of Appeals of Indiana, Fourth District.

Feb. 15, 1984.

Howard B. Lytton, Jr., Steven E. Ripstra, Lytton & Ripstra, Jasper, for appellant.

Gerald R. Thom, Thom & DeMotte, Jasper, for appellee.

MILLER, Judge.

In November, 1982, John C. Hilton petitioned for modification of his dissolution decree in order to regain custody of his son, Jeremy. His reason for so doing was occasioned by the death six months earlier of his ex-wife, Jeremy's custodial parent. The court modified the dissolution decree as requested. Shortly thereafter, Connie Shafford, Hilton's former sister-in-law, moved for a reconsideration of the custody change and for permanent custody of Jeremy to be vested in herself. The trial court rescinded the modification in Hilton's favor, held a hearing on the issue, and awarded permanent custody to Shafford with visitation rights in Hilton. Hilton now appeals this ruling and asks that we reverse.

Without having to decide the merits of this case, we are compelled to *sua sponte* reverse because the trial court had no jurisdiction over the custody issue once Hilton's ex-wife had died. It has long been the law in this state that the trial court in a divorce action loses its jurisdiction of such case upon the demise of one of the principals. *State ex rel. Smith v. Delaware County Superior Court*, (1982) Ind., 442 N.E.2d 978; *State ex rel. Gregory v. Superior Court of Marion County, Room No. 1*, (1961) 242 Ind. 42, 176 N.E.2d 126; *Hen-*

*drickson v. Binkley,* (1974) 161 Ind.App. 388, 316 N.E.2d 376, *cert. denied* (1975) 423 U.S. 868, 96 S.Ct. 131, 46 L.Ed.2d 98. Thus, the trial court could issue no enforceable order regarding custody of Jeremy. Rather, upon the death of the custodial parent, such custody automatically inures to the surviving parent. *State ex rel. Gregory, supra; In re Guardianship of Phillips,* (1978) 178 Ind.App. 220, 383 N.E.2d 1056; *Hendrickson v. Binkley, supra.* We do not intimate Shafford may not challenge Hilton's right to custody because she can. Our law clearly prefers to consider the best interests of the child over the presumption that custody must be in a natural parent. *E.g., Kissinger v. Shoemaker,* (1981) Ind.App., 425 N.E.2d 208; *In re Guardianship of Phillips, supra.* However, such inquiry into Hilton's suitability must take place in the proper forum. *See Hendrickson v. Binkley, supra.* The divorce action was not that forum.

Reversed.

CONOVER, P.J., and YOUNG, J., concur.