**STATE of Indiana, ex rel. Richard L. PAXTON, Relator,**

v.

**The PORTER SUPERIOR COURT, The Honorable Roger V. Bradford, as Judge thereof, and The Honorable William W. Andersen, Jr., as Commissioner thereof, Respondents.**

No. 684S242.

Supreme Court of Indiana.

Sept. 12, 1984.

---

Calvin K. Hubbell, Valparaiso, for relator.

Glenn J. Tabor, Valparaiso, for respondents.

GIVAN, Chief Justice.

On June 5, 1984, this Court voted 3–2 to deny relator's Verified Petition For Writ Of Mandamus And Writ Of Prohibition.

The facts are these. On January 6, 1982, Richard Paxton, relator and husband of Dorothy Paxton, filed a Petition for Dissolution of Marriage. The bulk of the assets were in the name of the husband alone. In the ensuing year, it became clear to the trial court that the wife was very ill and that she was suffering from a terminal case of breast cancer.

On January 14, 1983, the wife sought leave of the court to cross-file for dissolution and to file a petition for allowance of attorney fees and related expenses. This was done and the husband then petitioned the court to dismiss his initial petition. The court set a date for an evidentiary hearing on all of these petitions, including the one for fees and expenses. The commissioner respondent heard the evidence and took the entire matter, including attorney fees under advisement. Mrs. Paxton died prior to the issuance of any order. After her death her counsel petitioned respondent court for an order compelling relator to pay to coun-

sel certain sums due for legal assistance provided to the wife during her life. Relator filed with the court a motion to dismiss claiming the court no longer had jurisdiction over the divorce due to the death of Mrs. Paxton. The court dismissed Paxton's petition and set counsel's petition for hearing. Relator then sought this writ to compel the trial court to dismiss the pending action.

■ The general rule is that divorce proceedings terminate in their entirety upon the death of one of the parties. However, there are certain exceptions to this general rule. *See State ex rel. Smith v. Delaware County Superior Court,* (1982) Ind., 442 N.E.2d 978. Several jurisdictions have held that a deceased spouse's attorney may not recover fees for services rendered in a divorce action by applying to the court in which the divorce suit was pending at the time of the death of his client. *See, e.g., Hogsett v. Hogsett,* (1966) Mo.App., 409 S.W.2d 232. However, other jurisdictions have taken the opposite view, which we deem to be the better view. *See, Williams v. Williams,* (1971) 59 N.J. 229, 281 A.2d 273.

In the *Williams* case, the New Jersey court, after first recognizing the general rule of termination of a divorce action upon the death of one of the parties, then drew a distinction between an order for counsel fees and costs of the litigation and a continuation of the action for the purposes of settling alimony or property disputes. They pointed out the wife's estate remains liable to the attorney as the contracting party. The only consequence of the abatement doctrine is to relieve the husband of any liability for such expenses. They observe that the exemption of the husband in such circumstances would be unfair and incompatible with the policy underlying the grant of counsel fees and costs. *See also Ferguson v. Ferguson,* (1982) Fla.App., 423 So.2d 509.

■ The statutory law in Indiana gives the trial court wide discretion in allowing the payment of reasonable cost from one party to the other for maintenance and the cost of defending a suit for dissolution. *See* Ind.Code § 31–1–11.5–16.

■ The power of the courts to order support for a wife pending a divorce and an allowance for her attorney fees and expenses associated with the maintaining of the divorce are founded in the common law obligation of the husband to support his wife. *O'Connor v. O'Connor,* (1969) 253 Ind. 295, 253 N.E.2d 250.

■ The granting of attorney fees and legal expenses is, in fact, not a trial and does not include any necessity of examining the issues of the case. Nor is it related to the merits of the action. *Stewart v. Stewart,* (1902) 28 Ind.App. 378, 62 N.E. 1023.

Consequently, the amount of the attorney fees awarded does not, strictly speaking, form a part of the judgment or decree in the cause. It is not required to be supported either by conclusions of law or findings of fact. *Smith v. Smith,* (1953) 124 Ind.App. 343, 115 N.E.2d 217.

■ In the case at bar, the assets belonged basically to the husband. The trial court most certainly had jurisdiction to make a determination that the wife was entitled to support, attorney fees and costs of the litigation. These debts were, in fact, incurred by the wife prior to her death and pending the action for dissolution. To now hold that her death which terminated the divorce action also terminated any ability of the wife's counsel to recoup his fees and expenses from the deceased wife's husband would work a gross miscarriage of justice and would be a misapplication of the general principle that the action for dissolution is terminated upon the death of one of the parties. The trial court not only had jurisdiction to proceed to adjudicate the husband's responsibility in this case, but he had the duty to do so.

Relator's Petition for Writ of Mandamus and Prohibition is denied.

HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., dissents with separate opinion in which PRENTICE, J., concurs.

**1208**

DeBRULER, Justice, dissenting.

When a contract of employment is made between lawyer and client who is a party to a dissolution action, the basic obligation to pay the lawyer's fee is that of his client. If as part of the arrangement, the lawyer provides services without being paid beforehand by his client, in reliance upon the client's promise to pay in the future, or upon the power of the trial court to order and enforce payment of the fee by an opposing party, he assumes the risk that he may never in fact be paid. If thereafter the client cannot pay and the trial court does not make the contemplated order, lamentations are in order, but the loss is within legitimate expectations.

Here the death of Mrs. Paxton intervened between the receipt by her lawyer of a $1200 provisional order and the rendition by the trial court of a further such order. Her death terminated the dissolution proceedings and the trial court lost its jurisdiction to make further enforceable orders. *In Re the Marriage of Hilton*, (1984) Ind. App., 459 N.E.2d 744. As I see it, Mrs. Paxton's lawyer is left with enforcing his right to payment under the contract for services through the probate court where he, like all of her other creditors, can file a claim. As I recall the oral presentation before this Court, her lawyer did not wish to pursue that course, since Mr. Paxton has qualified as personal representative of her estate, and the atmosphere there is not friendly. I would deny this writ.

PRENTICE, J., concurs.