**In re the Marriage of John C. ATTEBERRY, Appellant–Respondent,**

**v.**

**June A. ATTEBERRY, Appellee–Petitioner,**

**Deanna Spittler and David P. Spittler, Appellees–Intervenors,**

**Alisa Atteberry, Minor.**

**No. 49A04–9112–CV–401.**

Court of Appeals of Indiana, Fourth District.

Aug. 11, 1992.

As Corrected Aug. 24, 1992.

Gregory K. Silver, L. Craig Turner, Boberschmidt, Miller, O'Bryan & Turner, Indianapolis, for appellant-respondent.

Frederick F. Frosch, Indianapolis, for appellees.

CONOVER, Judge.

Appellant–Respondent John C. Atteberry appeals the trial court's judgment giving custody of his minor child to Appellees–Intervenors David P. and Deanna Spittler.

We reverse.

Atteberry raises the following dispositive issue:

whether the trial court lacked jurisdiction to place custody in a third party.

The marriage of June A. and John C. Atteberry was dissolved on January 30, 1984. Custody of their minor child, Alisa, born October 3, 1982, was awarded to June. June and Alisa stayed in Indiana; Atteberry moved to Florida.

On February 5, 1991, June died. Atteberry allowed Alisa to stay with the Spittlers, June's sister and brother-in-law, until school ended in the Spring. On June 10, 1991, Atteberry petitioned for modification of the dissolution decree in order to regain custody of Alisa. On June 25, 1991, the Spittlers filed their petition for modification of the decree as intervenors. After a hearing, the trial court awarded temporary custody to the Spittlers with visitation rights in Atteberry.

We do not reach the merits of the trial court's decision. As we held in *Hilton v. Shafford* (1984), Ind.App., 459 N.E.2d 744, a trial court which originally decides a dissolution and custody issue loses jurisdiction over the custody issue upon the death of the custodial parent. "It has long been the law in this state that the trial court in a divorce action loses its jurisdiction of such case upon the demise of one of the principals." *Id. (citing State ex rel. Smith v. Delaware County Superior Court* (1982), Ind., 442 N.E.2d 978; *State ex rel. Gregory v. Superior Court of Marion County, Room No. 1* (1961), 242 Ind. 42, 176 N.E.2d 126: *Hendrickson v. Binkley* (1974), 161 Ind.App. 388, 316 N.E.2d 376, *cert. denied,* (1975) 423 U.S. 868, 96 S.Ct. 131, 46 L.Ed.2d 98). Thus, the trial court could not issue an enforceable order regarding custody of Alisa. Instead, upon the death of June, custody of Alisa automatically inured to Atteberry as the surviving parent. *See, Hilton, supra,* at 745 (*citing State ex. rel. Gregory, supra; In re Guardianship of Phillips* (1978), 178 Ind.App. 220, 383 N.E.2d 1056). We do note, however, there are situations in which the surviving parent may not be entitled to custody automatically and without further court proceedings. IND.CODE § 29–3–3–6. Even then, the dissolution court is not the proper forum in which to litigate the question of custody.

Our decision regarding the trial court's lack of jurisdiction does not mean the Spittlers cannot challenge Atteberry's

right to custody. "Our law clearly prefers to consider the best interests of the child over the presumption that custody must be in a natural parent." *Hilton, supra.* (*citing Kissinger v. Shoemaker* (1981), Ind. App., 425 N.E.2d 208; *In re Guardianship of Phillips, supra*). However, inquiry into Atteberry's suitability must take place in the proper forum. This dissolution action is not that forum.[1]

Reversed.

RATLIFF, C.J., and MILLER, J., concur.

---

**1.** In the proper forum, the issue will be approached in the following manner. First, it will be presumed it is in the best interests of the child to be placed in the custody of the natural parent. However, this is a rebuttable presumption. If it is shown that the natural parent is (a) unfit, (b) has long acquiesced to custody in others, or (c) voluntarily relinquished custody of the child such that the child's affections and those of the third party have become so interwoven that to sever them would seriously mar and endanger the future happiness of the child, then the presumption is rebutted. If any one of the above three factors is shown, it will be in the best interests of the child to be placed with the third party. *See, Kissinger, supra,* at 210–211 (*citing Hendrickson, supra,* 316 N.E.2d at 380).