

FILED

Apr 27 2026, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



IN THE

# Court of Appeals of Indiana

Tyler Vestal, Devin Vestal, Seth Vestal, and Kathleen
Duszynski,

*Appellant-Defendants/Counterclaim-Plaintiffs*

v.

Estate of Philip J. Duszynski,

*Appellee-Plaintiff/Counterclaim-Defendant*

---

April 27, 2026

Court of Appeals Case No.
25A-PL-1101

Appeal from the Lake Superior Court

The Honorable John M. Sedia, Judge

Trial Court Cause No.
45D01-2305-PL-361

---

**Opinion by Judge Kenworthy**
Chief Judge Tavitas and Judge Bailey concur.

**Kenworthy, Judge.**

## Case Summary

[1] While they were married, Philip Duszynski and Kathleen Duszynski bought certain property and placed it in a land trust of which they were the beneficiaries and Kathleen's grandchildren, Tyler, Devin, and Seth Vestal (collectively, the "Vestals"), were the contingent beneficiaries.[1] When Philip and Kathleen divorced, the property was awarded to Philip, and Kathleen was ordered to execute all necessary paperwork to remove herself from the trust. Kathleen did not immediately do so, but after Philip died, she signed an "Assignment of the Beneficial Interest" form related to the trust. Thereafter, the trustee issued a Trustee's Deed to the Vestals based on their status as contingent beneficiaries.

[2] The Estate of Philip Duszynski (the "Estate") then filed a complaint against Kathleen and the Vestals for unjust enrichment and to quiet title in the Estate. The Vestals filed a counterclaim to quiet title in the Vestals, among other claims not at issue in this appeal. The parties filed cross-motions for summary judgment on these claims. The Vestals now appeal the trial court's order granting summary judgment to the Estate on the Estate's unjust enrichment

---

[1] Initially, the contingent beneficiary was "Laurie Vestal as Custodian for Tyler Vestal, Devin Vestal and Seth Vestal under the Uniform Transfer to Minors Act." *Appellant's App. Vol. 2* at 92; *see* Ind. Code ch. 30-2-8.5 (1989). Each of the Vestals has since become an "adult" as defined by the Act. I.C. § 30-2-8.5-1 (defining an "adult" as an individual who is at least twenty-one years of age); *see also* I.C. § 30-2-8.5-35 (stating the custodian "shall transfer in an appropriate manner the custodial property to the minor or the minor's estate upon the earlier of: (1) the minor's attaining twenty-one (21) years of age; or (2) the minor's death").

claim and denying summary judgment to the Vestals on their counterclaim to quiet title. The Vestals raise two issues for our review: (1) Did the trial court err in granting summary judgment to the Estate on the Estate's unjust enrichment claim?; and (2) Did the trial court err in denying the Vestals' motion and granting the Estate's motion for summary judgment on the competing quiet title claims? We reverse and remand.

## Facts and Procedural History[2]

Philip and Kathleen were married in 1989. No children were born of their marriage, though both had heirs from previous relationships. In 2006, the Duszynskis entered into a land trust agreement and signed a Deed Into Trust conveying jointly owned property in Hammond ("1021 Bauer Street") to Indiana Land Trust Company[3] as trustee of the trust ("Trust 5743"). The trust agreement provided, in relevant part:

> BENEFICIARIES:
>
> * * *

---

[2] An appellee may file an appendix, but "the appellee's Appendix shall not contain any materials already contained in appellant's Appendix, unless necessary for completeness or context." Ind. Appellate Rule 50(A)(3). Further, "[b]ecause the Transcript is transmitted to the Court on Appeal pursuant to [Appellate] Rule 12(B), parties should not reproduce any portion of the Transcript in the Appendix." App. R. 50(F). Contrary to these rules, the Estate filed an Appellee's Appendix containing materials already contained in the Appellant's Appendix and included the full transcript of the summary judgment hearing. We remind counsel that compliance with the Appellate Rules is expected.

[3] Indiana Land Trust Company was known at the time of the conveyance as Lake County Trust Company.

Philip J. Duszynski and Kathleen R. Duszynski, as joint tenants with rights of survivorship. Upon the death of the survivor of them, any interest remaining hereunder shall pass to Laurie Vestal as Custodian for Tyler Vestal, Devin Vestal and Seth Vestal under the Uniform Transfer to Minors Act.

\* \* \*

POWER OF DIRECTION:

It is understood and agreed by the parties to this agreement and by any person who may hereafter acquire any interest in this trust that the power of direction referred to on the reverse side hereof shall be in:

Philip J. Duszynski OR Kathleen R. Duszynski

\* \* \*

By amendment in writing delivered to and accepted by the trustee, any beneficiary having a vested interest hereunder shall at any time or times have the right to revoke, alter or amend the provisions of this trust agreement relative to the person or persons who may be entitled from time to time to the ownership and enjoyment of said beneficiary's interest hereunder.

*Appellant's App. Vol. 2* at 92–93. The residence on the property was rented and the Duszynskis never lived there.

[4] In 2018, Kathleen petitioned for dissolution of marriage. The parties entered into a settlement agreement that was incorporated into the Decree of

Dissolution signed by the dissolution court. Among the provisions of the settlement agreement was one regarding the property at 1021 Bauer Street:

> [Philip] shall be awarded as his sole and separate property the real estate and residence located at 1021 Bauer Street, Hammond, Indiana. [Kathleen] shall execute any and all paperwork necessary, including documentation to remove her involvement in the trust associated with said property in order to effectuate this provision.

*Id.* at 104.

Philip died on January 17, 2023. At that time, Kathleen had not executed any paperwork regarding her involvement in Trust 5743. On February 6, Kathleen signed an Indiana Land Trust Company form titled Assignment of the Beneficial Interest. The form states Kathleen "hereby sell(s), assign[s], transfer(s) and set(s) over unto Tyler Vestal, Devin Vestal and Seth Vestal, as joint tenants w/rights of survivor . . . [a]ll of [her] rights, powers, privileges and beneficial interest" to Trust 5743. *Id.* at 108.[4] In March, Indiana Land Trust

---

[4] On February 22, 2023—*after* Kathleen had signed the assignment of beneficial interest form—the Estate petitioned in the Estate case for a turnover order, alleging disposition of several assets divided by the dissolution decree had not been completed, including 1021 Bauer Street. *See id.* at 187. The next day, the court in the Estate case ordered Kathleen to (among other things) "[e]xecute any and all paperwork necessary, including documentation to remove her involvement in the trust associated with the real estate located at 1021 Bauer St., Hammond, IN." *Id.* at 195. To the extent the Estate's argument on appeal rests on this order, we note Kathleen had already signed the necessary paperwork when the order was requested and issued. *See Appellee's Br.* at 9 (stating the Vestals' "claim to the title of the real estate was created by an act done in direct violation of a court order").

Company issued a Trustee's Deed to 1021 Bauer Street to the Vestals as joint tenants.

[6] An unsupervised estate was opened for Philip shortly after his passing. The Estate filed a complaint against Kathleen, the Vestals, and Indiana Land Trust Company for unjust enrichment and to quiet title to 1021 Bauer Street in the Estate. The unjust enrichment claim alleged Kathleen fraudulently completed the assignment of beneficial interest form because she failed to provide Indiana Land Trust Company with a copy of the dissolution decree and "[d]ue to the misrepresentations, negligence, and fraudulent conduct of [Kathleen], [the Vestals] have been unjustly enriched to the detriment of the [Estate]" which is "the rightful owner" of the property. *Appellant's App. Vol. 2* at 24. The Estate's quiet title claim asserted Philip was the legal owner of the property at the time of his death, the Vestals "have no interest in the property" as far as the Estate can ascertain, and any interest the Vestals claim is adverse to the Estate and "without any right whatsoever[.]" *Id.* at 26.

[7] The Vestals answered the complaint and filed a counterclaim of their own to quiet title. The quiet title claim asserted the Vestals were contingent beneficiaries of the trust, Philip did not revoke their contingent beneficiary status before he died, and the Vestals are owners of the property by virtue of a recorded Trustee's Deed issued after Philip's passing.

[8] The Vestals moved for partial summary judgment alleging they were entitled to judgment as a matter of law on both counts of the Estate's complaint *and* on the

unjust enrichment and quiet title counts of their counterclaim.[5] Kathleen joined in the motion.[6] Among other items, the Vestals designated the trust agreement and deed placing 1021 Bauer Street into Trust 5743, the Duszynskis' decree of dissolution, and the Trustee's Deed conveying the property from the trust to the Vestals. They also designated the affidavit of Kelli A. Wyzykowski, Trust Counsel responsible for reviewing land trust agreements administered by Indiana Land Trust Company. Wyzykowski stated under oath:

> 6. I was asked on February 6, 2023, by Trust Officer Vicky Bostick with Indiana Land Trust Company to review Trust 5743.
>
> 7. Land Trust 5743 was executed on April 4, 2006 by Philip J. Duszynski and Kathleen R. Duszynski for the real-estate known as 1021 Bauer Street, Hammond, Indiana.

---

[5] The Vestals asserted a counterclaim against the Estate for abuse of process and a counterclaim against the tenant of the property for ejectment. Those claims are not at issue in this appeal as they were not part of the summary judgment motions.

The Vestals also asserted a counterclaim for unjust enrichment against the Estate based on the Estate directing the tenant of the property to pay rent to the Estate "despite [the Estate] having no ownership interest in the subject property." *Id.* at 57. They stated in their motion for summary judgment that they sought summary judgment in their favor on this counterclaim. *See id.* at 72 (motion stating the Vestals seek summary judgment as to "Counts 1) Quiet Title and 2) Unjust Enrichment of The Vestals' Counter-Complaint"). However, they did not make an argument about their own unjust enrichment claim in the accompanying memorandum, and they did not designate any evidence relevant to this claim. Moreover, the trial court did not make a ruling on this claim, and the Vestals do not present an argument about it on appeal. Therefore, we do not discuss it.

[6] Kathleen also answered the Estate's complaint and filed a counterclaim against the Estate for abuse of process. That counterclaim is not at issue in this appeal.

8.  The initial beneficiaries to Land Trust 5743 are Philip J. Duszynski and Kathleen R. Duszynski who had vested interests in Land Trust 5743 upon the executed date of April 4, 2006.

9.  The contingent beneficiaries to Land Trust 5743 are Tyler Vestal, Devin Vestal and Seth Vestal.

10.  That Land Trust 5743 allows for any vested beneficiary to revoke, alter or amend the provisions of the trust agreement by delivering notice of his/her intent to the trustee.

11. That on April 18, 2006, a Trustee Deed was filed and accepted by the Lake County, Indiana Recorder's Office placing title to 1021 Bauer Street, Hammond, Indiana into Land Trust 5743.

12.  That Indiana Land Trust Company was informed that Philip J. Duszynski passed away on January 17, 2023.

13.  That title to 1021 Bauer Street, Hammond, Indiana remained in Land Trust 5743 on Philip J. Duszynski's passing on January 17, 2023.

14.  I conducted a diligent search of the records kept in the ordinary course of business at Indiana Land Trust Company and there is no record of Philip J. Duszynski ever requesting to revoke Tyler Vestal, Seth Vestal and Devin Vestal as beneficiaries under Land Trust 5743.

15.  I was provided the April 26, 2021 Decree of Dissolution between Kathleen R. Duszysnki and Philip Duszynski which awards Philip Duszysnki 1021 Bauer Street, Hammond, Indiana and requires Kathleen Duszysnki to execute all necessary

paperwork to remove her involvement in the trust associated with 1021 Bauer Street, Hammond, Indiana.

16. That on February 6, 2023, Kathleen R. Duszynski executed an assignment of beneficial interest in Trust 5743 which removed her interest in the 1021 Bauer Street, Hammond, Indiana.

17. That in February, 2023, Tyler Vestal, Seth Vestal and Devin Vestal requested Indiana Land Trust Company issue a Trustee Deed to Tyler Vestal, Seth Vestal and Devin Vestal as joint tenants.

18. That based on my 12 YEARS of knowledge and experience as trust counsel, because Tyler Vestal, Seth Vestal and Devin Vestal were the contingent beneficiaries under Trust 5743, Indiana Land Trust Company through its trust officer and Assistant Vice President Vicky L. Bostick executed a Trustee's Deed on March 15, 2023 to Tyler Vestal, Seth Vestal and Devin Vestal as joint tenants.

19. That if it was Philip Duszysnki's intention to revoke Tyler Vestal, Seth Vestal and Devin Vestal as contingent beneficiaries, since Trust 5743 allowed for unilateral revocation by a vested beneficiary, of a non-vested beneficiary, nothing under the terms set forth in Trust 5743 prevented Philip Duszynski from doing so.

20. That had Philip Duszynski presented Indiana Land Trust Company with a written request to revoke Tyler Vestal, Seth Vestal and Devin Vestal as contingent beneficiaries under Trust 5743 at any time prior to his passing, Indiana Land Trust Company would have approved the request and removed Tyler Vestal, Seth Vestal and Devin Vestal from Trust 5743.

*Id.* at 100–02.

[9] In their motion for summary judgment, the Vestals claimed:

> 15. The designated evidence establishes that no genuine issues of material fact as to the Estate['s] claims for unjust enrichment because the benefit conferred upon the Vestals was a gift or unrequested benefit which precludes an action for unjust enrichment as a matter of law.
>
> 16. The designated evidence establishes that no genuine issues of material fact exist as to both the claim/counterclaims for quiet title because the Vestals have fee simple title and there is no evidence of any defects that would render the deed void.

*Id.* at 73 (citations omitted). The Estate filed a cross-motion requesting the trial court "to enter summary judgment in its favor and to deny [the Vestals'] motion for summary judgment[.]" *Id.* at 137.

[10] The trial court held a hearing and then issued an order granting the Estate's cross-motion for summary judgment and denying the Vestals' motion. The court found that Kathleen violated the provision of the dissolution decree that required her to remove her involvement in the trust, "instead conveying her interest in Land Trust 5743 to the Vestals." *Id.* at 18. The court concluded the Vestals obtained their interest in 1021 Bauer Street through Kathleen's breach of the settlement agreement and the Estate could proceed against the Vestals on the theory of unjust enrichment. As a remedy, the court ordered Indiana Land Trust Company to "transfer *instanter* the beneficial interests of [the Vestals] in and to Land Trust 5743 to [the Estate]" and, finding no just reason for delay, directed entry of final judgment. *Id.* at 20.

## Summary Judgment Standard of Review

We review a trial court's summary judgment decision by applying the same standard as the trial court. *Isgrig v. Trs. of Ind. Univ.*, 256 N.E.3d 1238, 1244 (Ind. 2025). In doing so, we consider only properly designated evidence that would be admissible at trial. *Hussain v. Salin Bank & Tr. Co.*, 143 N.E.3d 322, 328 (Ind. Ct. App. 2020), *trans. denied*. Summary judgment is appropriate only when "the designated evidentiary matter shows . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). We resolve all factual inferences and all doubts as to the existence of a material issue in favor of the nonmovant. *Zaragoza v. Wexford of Ind., LLC*, 225 N.E.3d 146, 151 (Ind. 2024).

The party moving for summary judgment bears the burden of making a prima facie showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Wireman v. LaPorte Hosp. Co.*, 205 N.E.3d 1041, 1045 (Ind. Ct. App. 2023), *trans. denied.* The movant "can make this showing when undisputed evidence affirmatively negates a required element" of the nonmovant's claim. *Cmty. Health Network, Inc. v. McKenzie*, 185 N.E.3d 368, 377 (Ind. 2022). Only if the movant meets this burden does the burden then shift to the nonmovant to show the existence of a genuine issue of material fact. *Wireman*, 205 N.E.3d at 1045. That parties file cross-motions for summary judgment "neither alters this standard nor changes our analysis—we consider each motion separately to determine whether the moving party is

entitled to judgment as a matter of law." *Erie Indem. Co. v. Est. of Harris*, 99 N.E.3d 625, 629 (Ind. 2018) (internal quotation omitted).

[13] The appellant bears the burden of proving the trial court erred in its summary judgment decision. *Schwartz v. Heeter*, 994 N.E.2d 1102, 1105 (Ind. 2013). Special findings are neither required in summary judgment proceedings nor binding on appeal. *Akin v. Simons*, 180 N.E.3d 366, 372 (Ind. Ct. App. 2021). However, such findings offer valuable insight into the trial court's rationale for its decision and help facilitate our review. *Id.*

## The trial court erred in denying the Vestals' motion for summary judgment and in granting the Estate's cross-motion.

### *The Designated Evidence*

[14] The designated evidence shows Philip and Kathleen deeded 1021 Bauer Street to Indiana Land Trust Company as trustee of Trust 5743 "when [they] initially made that purchase." *Appellant's App. Vol. 2* at 168 (Kathleeen's deposition). Trust 5743 then became the legal owner of the property. *See id.* at 92 (trust agreement explaining Indiana Land Trust Corporation "is about to take legal and equitable title to" 1021 Bauer Street). Philip and Kathleen were the initial beneficiaries with vested interests in the trust, and "[u]pon the death of the survivor of them," any remaining interest would pass to the Vestals as contingent beneficiaries. *Id.* The power of direction to revoke, alter, or amend the provisions of the trust agreement resided in Philip *or* Kathleen, who could do so by delivering notice of their intent to the trustee.

[15] When Philip and Kathleen divorced, they agreed the real estate and residence at 1021 Bauer would be Philip's sole and separate property and Kathleen would execute any paperwork necessary "to remove her involvement in the trust associated with said property[.]" *Id.* at 104. The dissolution court incorporated this agreement into its decree.

[16] Even before the divorce, Philip had the power to revoke, alter, or amend the provisions of the trust agreement—including the contingent beneficiaries—on his own due to the power of direction being in Philip *or* Kathleen. But on the date of Philip's death, title to 1021 Bauer Street remained in Trust 5743 and Philip had not notified the trustee he wished to revoke the Vestals as beneficiaries (or make any other change to the trust). *See id.* at 101. The trust agreement states: "The death of any beneficiary shall not terminate the trust or affect the rights or powers of the trustee or of the beneficiaries except as provided by law." *Id.* at 93.

[17] After Philip's death, Wyzykowski was asked to review the trust. She was provided with a copy of the Duszynskis' dissolution decree that required Kathleen to execute any necessary documents to remove her interest in the trust. Counsel stated in her affidavit that the assignment of beneficial interest "removed [Kathleen's] interest in . . . 1021 Bauer Street, Hammond, Indiana." *Id.* at 101. Based on counsel's knowledge and experience and review of Trust 5743, a Trustee's Deed naming the Vestals as joint tenants was issued at their request, and the Vestals recorded it in Lake County on March 21, 2023.

Shortly after the deed was recorded, the Estate sent a letter to Indiana Land Trust Company alleging the assignment was in violation of the dissolution decree and stating, "As a result of the invalid assignment this property needs to be transferred to the estate." *Id.* at 196. On behalf of Indiana Land Trust Company, Wyzykowski responded, "Unfortunately, we are unable to accommodate your request as the property has been removed from the land trust via a trustee's deed[.] Given that the deed has been recorded, there is no practical method for Indiana Land Trust Company to undo a recorded trustee's deed." *Id.* at 197. Trust Counsel also stated if the Estate chose to file an asset recovery action, and Indiana Land Trust Company was named as a necessary party, it "will not object [and] will provide all cooperation that is reasonably feasible[.]" *Id.* The Estate filed its complaint for unjust enrichment and to quiet title in May 2023.

### The Estate's Claim for Unjust Enrichment

The Vestals sought summary judgment on the Estate's claim for unjust enrichment, but the trial court denied their motion. Unjust enrichment is a legal fiction that permits recovery "where the circumstances are such that under the law of natural and immutable justice there should be a recovery[.]" *Zoeller v. E. Chicago Second Century, Inc.*, 904 N.E.2d 213, 220 (Ind. 2009) (quoting *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991)). Unjust enrichment "requires a party who has been unjustly enriched at another's expense to make restitution to the aggrieved party." *Andrew Nemeth Props., LLC v. Panzica*, 271 N.E.3d 1100, 1114 (Ind. 2025) (quoting *Reed v. Reid*, 980 N.E.2d 277, 296 (Ind. 2012)).

[20]     To prevail on a claim for unjust enrichment, a plaintiff must show "that he rendered a benefit to the defendant at the defendant's express or implied request, that the plaintiff expected payment from the defendant, and that allowing the defendant to retain the benefit without restitution would be unjust." *Reed*, 980 N.E.2d at 296. "Put another way, 'a plaintiff must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust.'" *Woodruff v. Ind. Fam. & Soc. Servs. Admin.*, 964 N.E.2d 784, 791 (Ind. 2012) (quoting *Sonnenburg*, 573 N.E.2d at 408), *cert. denied*.

[21]     The designated evidence described above negates an essential element of the Estate's claim for unjust enrichment—that the enrichment be unjust. The Estate alleged in its complaint that Kathleen "never completed the required paperwork *to transfer* the property located at 1021 Bauer St. . . . to Philip . . . as required by the Decree of Dissolution" and that due to her fraud, Indiana Land Trust Company issued a deed to the Vestals, unjustly enriching them to the Estate's detriment. *Appellant's App. Vol. 2* at 23–24 (emphasis added). The Estate misreads the language and effect of the dissolution decree.[7]

[22]     The designated evidence shows the property at 1021 Bauer Street was not ordered to be transferred to Philip personally. Rather, when the dissolution

---

[7] The Estate claims declaring the Vestals the rightful owners of the property "would be modifying the Dissolution Decree in violation of Ind. Code § 31-15-2-17." *Appellee's Br.* at 13. To the contrary, this result gives effect to the provisions of the decree. The decree did not purport to dissolve the trust or eliminate the contingent beneficiary designation; it only removed Kathleen's beneficial interest.

court incorporated the settlement agreement into its decree, Philip remained a vested beneficiary of Trust 5743 and holder of the power of direction; Kathleen agreed as part of the settlement agreement to give up her beneficial status and power of direction in the trust. *See Murdock v. Est. of Murdock*, 935 N.E.2d 270, 273 (Ind. Ct. App. 2010) ("Settlement agreements become binding contracts when incorporated into the dissolution decree[.]") (emphasis omitted). In this respect, the Estate is correct that the decree "severed [Kathleen's] interest in and to the real estate," but it is mistaken when it says that the decree "awarded [the property] to Philip . . . free and clear of the terms of the trust." *Appellee's Br.* at 10. Moreover, the Estate is mistaken when it says this provision "placed the onus of dissolving the trust" on Kathleen. *Id.* at 14. The dissolution decree did not alter anything about the trust but Kathleen's interest. The contingent beneficiary designation was not changed by the decree, and Philip never changed it although he had the power to do so. The property remained in the trust, and the Vestals remained the contingent beneficiaries. Therefore, when Philip died, the remaining interest in Trust 5743 passed to the Vestals.

[23] Kathleen was removed as a vested beneficiary of the trust by operation of the decree and she has never claimed otherwise. She was removed as a beneficiary *on paper* by executing the assignment of beneficial interest. The Estate contends Kathleen "assigned the trust to her grandchildren" through this action. *Appellee's Br.* at 6. To the extent Kathleen's execution of the assignment form did more than formally memorialize her earlier removal from the trust, it could only have assigned whatever interest she retained at the time—which was none.

[24] The trial court denied the Vestals' motion for summary judgment on the Estate's unjust enrichment claim based upon its finding—in agreement with the Estate's argument—that the Vestals obtained their interest in 1021 Bauer "through Kathleen's breach[.]" *Appellant's App. Vol. 2* at 20. This is contrary to the designated evidence which shows as an undisputed material fact the Vestals have had a continuous contingent interest in the property since 2006, when Trust 5743 was created, *not* through Kathleen's actions after Philip's death. The Vestals negated at least one element of the Estate's claim, and the Estate did not meet its burden to show the existence of a genuine issue of material fact. The Estate does not contend that it in any way rendered a benefit to the Vestals at the Vestals' request; nor does the Estate allege that it expected to be paid by the Vestals. And the Vestals have not been unjustly enriched to the detriment of the Estate by the property passing to them. The property passed to the Vestals through the terms of the trust, not through any wrongdoing by Kathleen. This is simply an inheritance.

[25] The Estate's claim fails as a matter of law, and the trial court erred in denying the Vestals' motion for summary judgment on the Estate's unjust enrichment claim.

### Quiet Title

[26] Both sides requested the trial court quiet title. The trial court denied the Vestals' motion to quiet title in them and granted the Estate's cross-motion, treating the quiet title relief as a remedy for the unjust enrichment it found. *See id.* at 19 (trial court order stating, "Having found Kathleen breached the

Agreement with Philip and violated a Court order, what is the appropriate remedy for the Estate?"). The Estate's claim to title is that Philip "was the legal own[er] of [the] property at the time of his death" and the Vestals "have no interest in the property." *Id.* at 25–26. The Vestals' counterclaim to quiet title is based on the trust provisions and the recorded Trustee's Deed in their names.

[27] As for the Estate's claim, "[i]n an action to quiet title . . . the plaintiff must recover, if at all, on the strength of his own title and not on the weakness of his adversary's title." *Countrywide Home Loans, Inc. v. Holland*, 993 N.E.2d 184, 191 (Ind. Ct. App. 2013). The plaintiff "must show that he has legal title with a present right of possession paramount to the title of the defendant." *Chmiel v. US Bank Nat'l Assoc.*, 109 N.E.3d 398, 407 (Ind. Ct. App. 2018). In the context of this case, the Vestals can defeat the Estate's claim by showing the Estate "does not have title or interest in the property." *Id.*

[28] Measured against this standard, the Estate's claim fails. The Estate has not designated evidence establishing its own legal title to the property—it has only challenged the Vestals' title. Conversely, the Vestals designated a certified copy of a recorded Trustee's Deed naming each of them as joint tenants. "[R]ecord title is the highest evidence of ownership and is not easily defeated." *Ritz v. Ind. & Ohio R.R., Inc.*, 632 N.E.2d 769, 773 (Ind. Ct. App. 1994) (citing *Est. of Mark v. H.H. Smith Co.*, 547 N.E.2d 796, 800 (Ind. 1989)), *trans. denied*. Evidence of fee simple title establishes a prima facie case for quiet title. *Id.* The Vestals have shown prima facie evidence of a valid title in fee simple, and the Estate has not proved any defects that would render the Trustee's Deed void. The trial

court erred in granting the Estate's motion for summary judgment and denying the Vestals' motion for summary judgment with respect to title to the property.

## Conclusion

The trial court's order is reversed, and the court is instructed to enter judgment for the Vestals on the Estate's claims and on the Vestals' counterclaim to quiet title. We remand for further proceedings consistent with this opinion.

Reversed and remanded.

Tavitas, C.J., and Bailey, J., concur.

ATTORNEY FOR APPELLANTS TYLER VESTAL, DEVIN VESTAL, AND SETH VESTAL

Daniel J. Calhoun
Calhoun Law LLC
Crown Point, Indiana

ATTORNEY FOR APPELLANT KATHLEEN DUSZYNSKI

Guy S. DiMartino
Guy S. DiMartino, PC
Valparaiso, Indiana

ATTORNEY FOR APPELLEE

D. Eric Neff
Law Offices of D. Eric Neff, P.C.
Crown Point, Indiana